In the Matter of the Claim of ANNIE DALY, Respondent, against BATES & ROBERTS et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when employee doing work for herself after her regular working hours is not entitled to an award for injury received while engaged in such work, although using plant of her employer.**

The claimant was employed as a laundress in the hotel of her employer. As part compensation for her work she had the privilege after the regular working hours to use the plant of the employer to do her own laundry. After she had finished her work and while she was engaged in the laundry. doing her personal laundry she sustained injury to her wrist. The industrial commission determined the injury arose out of and in the course of her employment and made an award therefor, which was affirmed by the Appellate Division. *Held*, error. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, followed.)

*Matter of Daly* v. *Bates & Roberts*, 183 App. Div. 914, reversed.

(Submitted May 29, 1918; decided July 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 5, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William A. Jones, Jr.*, for appellants. The injury sustained by the claimant did not arise out of and in the course of her employment. (*Glatzl* v. *Stumpf*, 220 N. Y. 75; *Heitz* v. *Ruppert*, 218 N. Y. 148; *Brienen* v. *W. P. S. Co.*, 163 N. W. Rep. 182; *Keen* v. *St. Clements Press*, 7 B. W. C. C. 542.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for respondent. Inasmuch as the employee was doing a service for her employer, although incidental, the award should be affirmed. (*Grieb* v. *Hammerle*, 222 N. Y. 382; *Matter of Cox*, 114 N. E. Rep. 281.)

HOGAN, J. The employer is engaged in conducting a hotel in the city of New York. The claimant was employed as a laundress in the hotel. Her hours of employment were usually from 7:15 A. M. to 5:00 or 5:30 P. M. As compensation for her labor claimant received as wages a money consideration, boarding and lodging and the privilege after the regular working hours of the day to use the plant of the employer to do her laundry work.

On March 12, 1917, the claimant finished her work at half past four o'clock in the afternoon. During the evening, while she was engaged in the laundry doing her personal laundry she sustained injury to her wrist. The industrial commission determined the injury was accidental and arose out of and in the course of her employment and made an award therefor. Upon appeal the determination of the commission was affirmed by the Appellate Division.

In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148, 151) we sought to establish general principles applicable to a construction of subdivision 7 of section 3 of the Workmen's Compensation Law, a recitation of which will bear repetition here: " the statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only when the accident arose both ' out of ' and ' in the the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work."

Applying the principles stated to the case at bar, we are led to the conclusion that the injury to claimant did

not arise from or in the course of her employment. She was employed to perform the laundry work of her employer. Such employment was to be performed within established hours. On the day in question claimant had completed her labors for her employer some few hours before the happening of the accident. Her duty to her employer did not require her presence in the laundry again until the following morning. The accident occurred in the evening while she was engaged in doing work personal to herself. At that time she was not engaged in the performance of any duty she was employed to perform, or directly connected with or incidental to the work of the employer, but her labor there was entirely disassociated with the work of her employer. The fact that she was permitted to use the laundry for her personal benefit did not change the relation of the parties. (*Brienen* v. *Wisconsin Public Service Comm.,* 163 N. W. Rep. 182.)

Had the claimant remained in her room in the hotel and engaged her time in mending her clothing, and while so engaged met with an accident by reason of using a scissors, it could scarcely be held that such injury would arise out of and in the course of her employment or was incidental thereto. (*Matter of De Filippis,* 170 App. Div. 153; affd., 219 N. Y. 581; *Hallett's Case* [Mass., May 28, 1918], 119 N. E. Rep. 673; *Griffith* v. *Robbins,* Court of Appeal, England, December 14, 1916, 10 Butterworth's Workmen's Compensation Cases, 92.)

In the latter case a girl employed as a parlor maid was sitting in the kitchen, occupying her spare time in mending a rent in her dress. Hearing a bell rung by her mistress, she left the darning needle in her dress and went to answer the bell. In walking to the door she managed in some way to drive the needle into her knee, breaking it off short, causing her serious injury. An award was made in her favor, which was reversed by the Court

of Appeal of England, and it was there held there was no evidence to show that the injury was due to any risk incidental to her employment and that the accident did not arise out of her employment.

The order of the Appellate Division and the determination of the State industrial commission must be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the State industrial commission.

HISCOCK, Ch. J., CHASE, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.