LENA KRAFT, Appellee, v. WEST HOTEL COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Findings
Conclusive on Court.  A finding by the industrial commissioner that
injuries in the form of burns to a chambermaid did not "*arise out
of*" the latter's employment is conclusive on the court, when con-
flicting but supporting testimony justifies the said finding that said
injuries were received while the chambermaid was in her room in
the hotel where employed, but while she was off duty and not sub-
ject to call, and while she was attempting to extinguish an alcohol
lamp which, contrary to the orders of her employer, she was using
in a purely personal matter of curling her hair.

WEAVER and PRESTON, JJ., dissent.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

DECEMBER 15, 1921.

OPINION ON REHEARING JUNE 23, 1922.

AN appeal was taken to the district court by the claimant

from an order of dismissal of her claim entered by the industrial commissioner of Iowa. . The district court reversed the award and entered judgment giving compensation to the claimant as provided by statute. Defendant appeals from this judgment.— *Reversed.*

   *Brouillette & Gorder,* for appellant.

   *C. R. Metcalfe,* for appellee.

   DE GRAFF, J.—This is an action predicated on the Workmen's Compensation Law of Iowa. The claimant and appellee was employed as a chambermaid by the defendant West Hotel Company. Her duties consisted of sweeping and dusting rooms, washing woodwork, making beds, changing linen and cleaning glasses and washbowls. Her hours of work were from 7:30 in the morning until about 3 o'clock in the afternoon. When she finished her work as chambermaid at 3 P. M. or a little later she was free to go and to do as she pleased. She was not on duty at night nor was she subject to call. Two night girls were employed and were on duty after 3 o'clock P. M. Each chambermaid was on duty every sixth night for the night watch but the night when the injury occurred was not the sixth night. On the occasion of her injury she had been curling her hair in her hotel room by means of an alcohol lamp and curling iron. The accident happened about 10:30 o'clock P. M. She had finished curling her hair but was in a quandary how to put out the blaze in the lamp. The alcohol had a lid fitting over the top, but she apparently did not know that if she placed this lid over the blazing alcohol in the can the blaze would be smothered. She testifies that she left her room to ask one of the other girls how to put out the blaze, and finding no girl she returned to the room and discovered that the wind had blown the blaze in such a way to set fire to her handkerchief and her hemp switch lying on her dresser. This testimony is overwhelmingly disproved. There was no wind. The window was shut. Nothing in the room was on fire and nothing was burned, except the claimant. In attempting to put out the alcohol blaze by swishing a towel, she herself caught on fire. That she was burned and severely

injured there is no dispute, but in every other material particular the evidence is in sharp conflict.

It is incumbent upon the plaintiff in a compensation action to establish his case by a preponderance of the evidence. This is a basic principle and we expressly so held in *Flint v. City of Eldon*, 191 Iowa 845; *Griffith v. Cole Bros.* 183 Iowa 415. One of the essentials for recovery is that the claimed injury arose *out of* and *in* the course of the employment. *It is one of the* issues in the case. *Pace v. Appanoose County*, 184 Iowa 498.

In *Griffith v. Cole Bros.*, supra, it is said: "It is not enough for the applicant to say 'the accident would not have happened if I had not been engaged in this employment, or if I had not been in that particular place.' The applicant must go further, and must say, 'The accident arose because of something I was doing in the course of my employment, and because I was exposed by the nature of my employment to some peculiar danger.' "

The evidence in the instant case clearly establishes that at the time of the injury Lena Kraft was not on duty nor was she subject to call. Her day's work had ended several hours prior to the injury. The act of curling her hair was peculiar to herself and the means adopted, which was expressly forbidden by the hotel management, like the act itself was a matter of personal choice and personal convenience. The claimant was performing no act connected with her duties as a chambermaid. The fact that this claimant was living in the hotel at the time of the injury is not material or controlling in any sense. Had she lived at her mother's home or in an apartment sixteen blocks remote the same injury might have happened that did happen. Had she been a nurse, school-teacher, stenographer or clerk the same injury could have happened that did happen. The fact that she lived in the hotel was not incident to her employment or her duties as a chambermaid in said hotel. She was at liberty to remain away from the hotel until 7:30 the next morning. Her right to have a room in the hotel was the same as the right of a guest therein. It was a contractual relationship and the use of the room was part of her wages and nothing more.

The proximate cause of claimant's injury was a clandestine act, purely personal, and no one was interested in the result thereof except the claimant. Her employer was not interested and the use of the ordinary comb and brush would undoubtedly have satisfied the management as to the appearance of the claimant on the following day. It may be presumed that she would have sense enough to keep herself in a tidy condition and fairly presentable, but the use of lip sticks, rouge, cosmetics or curling irons are not within the purview of her employment or associated or connected directly or indirectly with her duties as chambermaid. Had she used a lip stick and by reason thereof had been poisoned, would such an injury arise out of or in the course of her employment? The same question may be asked had she been using cosmetics. We are not dealing with a rule of æsthetics. The Compensation Law of Iowa is. not. subject to the decrees of Dame Fashion nor does a court recognize the Muse of Hostelry, even though in conformity to her teachings, chambermaids shall use the things and appliances known to the modern feminine world. No directions or instructions had ever been given to her by anyone connected with the hotel about curling her hair and she so testified.

A liberal construction of the Compensation Act of this state .does not require a strained construction. In the often cited *McNicol's Case,* 215 Mass. 497 it is said: "An injury 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to

the character of the business, and not independent of the relation of master and servant.'' Under the facts of the instant case no reasonable person can say that the injury which claimant received can be fairly traced to her employment as a contributing proximate cause.

The case of *Daly v. Bates & Roberts,* 224 N. Y. 126 is on all fours with the case at bar. In the New York case the claimant was employed as a laundress in a hotel. Her hours were from 7:15 A. M. to 5 or 5:30 P. M. She was paid a certain money consideration for her services and in addition received her board and lodging. On the day of the accident she finished her work about 4 P. M. During the evening while she was engaged in doing laundry work for herself she sustained an injury to her wrist. In opinion it is said: ''She was employed to perform the laundry work of her employer. Such employment was to be performed within established hours. On the day in question, claimant had completed her labor for her employer some few hours before the happening of the accident. Her duty to her employer did not require her presence in the laundry again until the following morning. The accident occurred in the evening, while she was engaged in doing work personal to herself. At that time, she was not engaged in the performance of any duty she was employed to perform, or directly connected with or incidental to the work of the employer, * * *. The fact that she was permitted to use the laundry for her personal benefit did not change the relation of the parties. * * * Had the claimant remained in her room in the hotel, and engaged her time in mending her clothing, and while so engaged met with an accident by reason of using a scissors, it could scarcely be held that such injury would arise out of and in the course of her employment or was incidental thereto.'' See also *Clifford v. Joy,* 2 B. W. C. C. 32; *Nelson R. Const. Co. v. Industrial Com.* 286 Ill. 632 (122 N. E. 113).

It is not sufficient that claimant was injured while in the course of her employment. It must further appear that her injury arose out of such employment. *Griffith v. Cole Bros.,* supra. Unless it may be said that Lena Kraft was performing some service in some degree or some act required of her by her

employer and to some extent contributing to his interests at the time in question there can be no liability on his part for the injury sustained by her. Her occupation at the time of the injury was purely self-serving. It was a mere incident that she was in the room at the time and the injury received was not received as a natural incident of her work or as was said in the Massachusetts case, "a result of the exposure occasioned by the nature of the employment." An accident cannot be said to arise out of the employment when it is due to a new and added peril to which the employee by his own conduct has needlessly exposed himself. The act in question was expressly forbidden by the master and it was a matter that did not concern either him or his business.

Nor does this case fall within what is known as the "emergency rule." The evidence clearly and convincingly shows that there was no fire on the defendant's premises except the fire on this girl's clothing which was a sufficient incentive for her to put it out. The handkerchief which she claims was completely burned was on the dresser scarf, but the latter was not burned and several witnesses who entered the room immediately after the claimant left and before she returned testified that there was no fire in the room and nothing in the room had been on fire. The record is full of conflict,—whether the window in the room was open, whether the wind was blowing sufficiently to blow the blaze of the alcohol lamp, whether there was fire in the room, how the fire started, etc. Her testimony stands alone, and is contradicted by every other witness.

There is, however, one controlling principle in this case. The Compensation Statute of Iowa (Section 17 Chapter 270 Acts of the Thirty-seventh General Assembly) expressly and definitely determines when the findings of the industrial commissioner are final. This case does not fall within any one of the exceptions giving to the district court a right to interfere with the findings of the industrial commissioner. The commissioner acted within his powers and jurisdiction. This is conceded. No fraud is pleaded or even insinuated. This disposes of the second ground. The facts found by the commissioner do support his order and decree and by overwhelming evidence.

The preponderance based on the facts and the reasonable inferences to be drawn from the facts and circumstances sustain his order and decree and any other finding would not be supported by the fair preponderance. Lastly, no one can seriously claim that there is not sufficient competent evidence in this record to warrant the order entered by the commissioner.

It is unnecessary that we should review the cases that control. Sufficient to state that we recognize *stare decisis* in compensation cases. Findings of fact upon conflicting evidence or upon evidence upon which reasonable men may draw conflicting conclusions are within the clear purview of the statute making the order and decree of the industrial commissioner final and conclusive. The following cases are determinative of the principle involved: *Pace v. Appanoose County*, 184 Iowa 498; *Rish v. Iowa Portland Cement Co.*, 186 Iowa 443; *Pierce v. Bekins Van & Stor. Co.* 185 Iowa 1346; *Norton v. Day Coal Co.* 192 Iowa 160; *Flint v. City of Eldon*, 191 Iowa 845; *O'Neill v. Sioux City Term. R. Co.* 193 Iowa 41.

The trial court was in error in entering into a general fact controversy and in making a new award. Therefore the judgment entered by the trial court is—*Reversed*.

STEVENS, C. J., EVANS, ARTHUR, and FAVILLE, JJ., concur.

PRESTON, J. (dissenting).—A rehearing was granted on the theory that there was a conflict in the evidence, and that because of this the finding of the commissioner is binding upon the court. I concede that, if there is a substantial conflict in the evidence, this is so, and ought to be so. There has been some change in the statute since the determination of some of the cases on this question. The statute as it now stands, immediately following the provision that the finding of the commissioner, in the absence of fraud, is conclusive, provides, among other things, that the district court, upon the hearing before it—

"May confirm or set aside such order or decree of the industrial commissioner, if he finds: * * *

"(3) That the facts found by the industrial commissioner do not support the * * * decree.

"(4) That there is not sufficient competent evidence in the record to warrant the industrial commissioner in making the order or decree complained of.

"No order or decree of the industrial commissioner shall be set aside by the court upon other than the grounds just stated." Section 17, Chapter 270, Acts of the Thirty-seventh General Assembly.

As I view it, a mere scintilla of evidence opposed to that offered by plaintiff, or a supposed conflict upon nonessentials, does not make a conflict, or prevent the court's determining the matter, under the statute before quoted. *Hughes v. Cudahy Pkg. Co.*, 192 Iowa 947. In the former opinion in this case, 185 N. W. 895, the facts are somewhat fully stated, and they are correctly stated. Every word of the record was read at that time. The evidence is the same now as it was then. It seemed to the writer in preparing that opinion, and I feel the same way about it now, that there was no substantial conflict in the evidence on the essentials. An analysis of each circumstance was attempted. To avoid repeating the facts here, reference is made to the former opinion for the facts, as I read them from the record. Conceding that it was a close question on the proposition whether there is any conflict, it seems to me that the majority construes every circumstance against plaintiff, and nothing in her favor, under the liberal construction to be given in order to carry out the purposes of the Compensation Law so that the industry shall make some compensation thereof in a smaller amount to those suffering injuries not purposely inflicted, and so on, even though the plaintiff may have been guilty of negligence. In the majority opinion, much is made of the circumstance that plaintiff was curling her hair, and that she had violated a rule of the hotel in regard to having such a lamp. That might be negligence on her part; but this proceeding is not based upon negligence. The purpose of stressing the fact that she was curling her hair is, of course, the basis of the argument that she was engaged in her own private affairs, and that her injury did not arise out of her employment. The hair-curling circumstance is, it seems to me, beside the mark. She had finished curling her hair, and had gone out of

the room, to get someone to show her how to put out the lamp. Upon her return, she found the room, or some of the things in the room, in flames, took a wet towel, and, in attempting to whip out the flames, her own clothing caught fire, and she was severely burned. She was attempting to save her employer's property, to prevent the burning of the hotel, and to save the many guests therein. In my opinion, it was her duty to do that, and it was within the course of her employment, even had she not had instructions so to do. But the evidence shows that this was expected of her and of the other chambermaids and help. A witness connected with the hotel management so testifies, saying that, if plaintiff or any of the maids saw a fire in any of the rooms, he would expect them to do the best they could to put it out, and to notify the management.

On these essentials which I have mentioned, to my mind there is no substantial conflict or dispute in the evidence. It is clear to me that she was injured in the course of her employment. Many cases are cited, bearing upon this point, in *Reid v. Automatic Elec. Washer Co.*, 189 Iowa 964, 983, *et seq.* I shall not prolong the discussion. I would affirm. Mr. Justice Weaver joins in this dissent.