AUGUST KALETHA v. HALL MERCANTILE COMPANY AND HARDWARE MUTUAL CASUALTY COMPANY.[1]

December 7, 1923.

No. 23,675.

Workmen's Compensation Act—accident in course of employment.
  1.   Claimant was employed to act as Santa Claus about and in a store, and to distribute candy and nuts to children.    He was furnished with special clothing, appropriate to this character, including a false face with a beard.    In his work children pulled at his clothes and because of that, he sought seclusion in a room in the rear of the store and there removed the mask half from his face and attempted to light and smoke a cigarette.    The beard caught fire injuring his face and hands.    *Held* that his injuries arose out of and in the course of his employment.

Act must be liberally construed.
  2.   The Workmen's Compensation Act must be liberally construed.

[1]Reported in 196 N. W. 261.

**Legislative intent.**
  3. Intent of legislature was that employe's recovery should be speedy, certain and definite.

**Injury from acts incidental to the service deemed to arise from employment.**
  4. Acts necessary to the comfort and convenience of the employe while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof, is deemed to have arisen out of employment.

**Smoking by workmen to be expected.**
  5. Smoking, when not prohibited, is a common habit among workmen and an indulgence reasonably to be anticipated by employers.

Upon the relation of August Kaletha the supreme court granted its writ of certiorari directed to the Industrial Commission to review proceedings before the commission brought under the Workmen's Compensation Act by relator, employe, against his employer and his employer's insurer. Reversed.

*Morgan J. Flaherty,* for relator.

*J. F. Boyles,* for respondents.

WILSON, C. J.

Certiorari to review an order of the Industrial Commission approving the findings of its referee and denying the appellant compensation.

On December 23, 1921, the Hall Mercantile Company, operating a store seeking Christmas shoppers, employed appellant to act as Santa Claus for it. They provided him with special clothing and wearing apparel, including a false face with whiskers and other paraphernalia suitable for this ancient and traditional character. He reported for duty at about 2 p. m. on Friday, December 23, and began his work at about 3:30 p. m. His duties required him to walk about in the store and on the street outside nearby, and carry and distribute candy and nuts to children. It was apparently his duty to please and amuse the children; and incidentally, he was, in a measure, an advertising medium.

The children became familiar with "Santa Claus" and they pulled at his clothes. Whether this conduct of the children necessitated a readjustment of his clothes or whether appellant merely desired to stop the same is not clear, but he says that, because of this conduct of the children, he went into a room in the rear part of the store and there he undertook to light a cigarette. He removed the mask about half from his face and then struck his match and started to light his cigarette and the beard, on the false face, caught fire, and appellant suffered serious injury to his face and hands, permanently diminishing his earning ability. These facts are undisputed.

The Industrial Commission held that appellant was not entitled to compensation.

Respondents claim that appellant's injuries did not arise out of and in the course of his employment, and the commission so held.

The record shows that the appellant was a single man, 51 years old, and that in order to bring him up to the average man, intellectually, he must be measured by a yardstick of considerable elasticity.

If the record may be read, upon the theory of respondent's cross-examination, that appellant for the period of ten minutes left the service of the employer, he having suffered his injuries during that brief period, the decision of the commission should be sustained.

We do not find such a conclusion justified. It is plain that this man went into the room—and was there at the time of his injury—in the course of his employment. In his employment he was spreading cheer and good wishes. He found it necessary to relieve himself of the children pulling his clothes. He did not use harsh language, violence or force as Gabriel Grub might have done, but he adroitly and wisely sought seclusion from the children until they would forget their thoughtless annoyance. This was necessary in order that he might more successfully perform his duties to his employer. This was merely an indeterminate period of waiting for a few moments so that conditions might become more favorable for him to continue his labor—he was not free from the duties of employment which was not broken. His trip into the room and his presence in the room were incidental to his employment.

There is really no conflict in the evidence and the conclusion to be reached is one of law.

This brings us to the consideration of the fact that appellant undertook to smoke a cigarette under the circumstances. His employer could not have been interested in that act. It was not, however, a forbidden act. Clearly it was an act of the appellant in response to his own personal pleasure. How far may he go in the pursuit of his personal conveniences, pleasures and amusements without impairing his valuable rights under the Workmen's Compensation Act?

This court has declined to attempt to define the phrase "accident arising out of and in the course of employment." Harris v. Kaul, 149 Minn. 428, 183 N. W. 828. Each case must be determined from its own facts. State v. District Court of Ramsey County, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344.

The history of the legislation resulting in this act, and the beneficial and humane purposes intended by the statute, call for a liberal construction of this law. State v. District Court of Blue Earth County, 133 Minn. 439, 158 N. W. 700; Kraker v. Nett, 148 Minn. 139, 180 N. W. 1014.

The legislature never intended that the injured employe should be met, in his application for compensation, with stringent and technical rules and regulations, but rather that he should receive his just deserts without the burden of expensive litigation. The amount of recovery was, perhaps, reduced; but, if so, it was on the theory that recovery was more speedy, certain and definite.

At the time appellant was burned, he was in the course of his employment. The more difficult question is as to whether his injury arose out of his employment.

In cases of this character, we must recognize that such acts as are necessary to the life, comfort and convenience of the employe while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment.

The lighting of a cigarette with a match is not in itself attended by the slightest hazard. It was rendered dangerous to appellant only by the presence of this false beard which was inflammable.

The employer was not negligent in furnishing the beard, but the right of appellant to compensation does not arise out of tort, but exists by reason of the Workmen's Compensation Act. Manifestly, the injury received resulted from a risk incidental to the employment.

The procuring of food or other refreshments by an employe, although personal in character, is considered so far incidental to the employe's work, that injuries received while procuring such food and refreshments may be found to arise out of and in the course of the employment; provided the employe acts in a reasonable and prudent manner, and the injuries occur while he is upon the employer's premises or is subject, as an employe, to the employer's control.

While appellant was standing in this room at the time of this accident, in solitude and silence, he had not left the service of his employer, but, on the contrary, he was still serving.

The employe may, in a reasonable way, refresh himself, and when he does so minister unto himself, he, in a remote way, probably contributes to the furtherance of the work.

His momentary delay is to be expected in the natural course of human events, and this delay was too insignificant to imperil his rights. Such are inevitable incidents, and if there are inherent dangers, they are incidental dangers.

This brings us to the inquiry as to whether or not smoking may be classed as a ministration to the comfort of the employe.

Some use cigarettes while at work, and others do so merely for relaxation after work. True, cigarettes contain nicotine and they wouldn't be used if they did not. Nicotine has for ages been courted by men. Whether the cigarette excites or whether it soothes and pacifies—or whether it promotes sober deliberation and moral contentment, we do not know—anyway it stimulates, but does not inebriate. Appellant was indulging in a very common habit.

This question has had the consideration of the court in Whiting-Mead Commercial Co. v. Industrial Accident Commission, 178 Cal. 505, 508, 173 Pac. 1105, 5 A. L. R. 1518, in which it is said:

"In an endeavor to determine what indulgences of human beings are responsive to the demands of natural, what to unnatural, appetites, we should be carried to the depths of biological and physiological research. * * * We have the tobacco habit with us and must deal with it as it is. It would not do to say that mankind would be better for a lack of the weed, even if that statement be true. Tobacco is universally recognized to be a solace to him who uses it, and it may be that such a one, unless he finally shakes off the habit, cannot perform the labors of his life as well without it as with it. In the present war one of the constantly recurring calls upon the public of the world is for tobacco for the comfort of the participants in the conflict. Nor are the books without their cases to the substantial effect that the employer must expect the employed to resort to the use of tobacco as a necessary adjunct to the discharge of his employment. [M'Lauchlan v. Anderson [1911] S. C. 529], 48 Scot. L. R. 349, 4 B. W. C. C. 376; Manson v. Forth & Clyde S. S. Co. 1913 S. C. 921, 50 Scot. L. R. 687, 6 B. W. C. C. 830, (1913) W. D. & Ins. Rep. 399; Chludzinski v. Standard Oil Co. 176 App. Div. 87, [162 N. Y. Supp. 225.]"

The employer of today must expect an employe, in the absence of admonition to the contrary, to resort to the use of the usual things that men do in their station of life in the usual discharge of their work. Smoking is not a necessity, and from the view of the minority of men is not even desirable, but it is recognized as quite a common habit among workmen, and an indulgence reasonably to be anticipated by employers.

We think our conclusion is in accord with the weight of authorities: Rish v. Iowa Portland Cement Co. 186 Iowa, 443, 170 N. W. 532; Dzikowiska v. Superior Steel Co. 259 Pa. 578, 103 Atl. 351, L. R. A. 1918F, 888; Haller v. Lansing, 195 Mich. 753, 162 N. W. 335; L. R. A. 1917E, 324; Holland-St. Louis Sugar Co. v. Shraluka, 64 Ind. App. 545, 116 N. E. 330; Kraft v. West Hotel Co. 193 Iowa, 1288, 185 N. W. 895; Widell Co. v. Industrial Commission, 180 Wis. 179, 192 N. W. 449; Scott v. Payne Bros. 85 N. J. Law, 446, 89 Atl. 927, L. R. A. 1916A, 29, 227, 236, extensive notes, L. R. A. 1917D, 80, 103.

If the act of the employe in indulging in smoking or in preparing to smoke takes him entirely outside of the employment, no recovery for compensation is allowable, not because of the smoking, but because injuries in such cases cannot be said to arise out of and in the course of the employment.

The appellant herein is allowed $75 as attorney's fees incident to this proceeding in this court, which will be included in the judgment for and in addition to the usual costs and disbursements taxed herein.

The order of the Industrial Commission is reversed with directions to the commission to make the proper award to the appellant.