Before STATE INDUSTRIAL BOARD, Respondent. FRED CLODJO, Respondent, v. WILLIAM J. SEMPER and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

JAMES S. CARR, Respondent, v. GEORGE H. SHEPARD, Appellant.— Judgment and order unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. LOUIS CZUWIT, Respondent, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JAMES CAYWOOD (Deceased), Respondent, v. SHEPARD ELECTRIC CRANE AND HOIST COMPANY, Defendant, Impleaded with HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. SANTE DRAGO, Respondent, v. CONSTRUCTION AND FOUNDATION CORPORATION and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MARY DOLAN, Respondent, v. MILLER, DAYBILL & COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. EDWARD FLANNIGAN, Respondent, v. 12 EAST 21ST STREET HOTEL, INC., and Another, Appellants.— Motion granted, with ten dollars costs in favor of the State Industrial Board.

FIRST RUSSIAN INSURANCE COMPANY ESTABLISHED IN 1827 and PAUL E. RASOR, Respondents, v. FRANCIS R. STODDARD, JR., as Superintendent of Insurance of the State of New York, Appellant.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent. DELLA FRAHER, Respondent, v. HOTEL McALPIN and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, upon the ground that claimant had regular hours of employment and that the accident happened at a time when " she was not engaged in the performance of any duty she was employed to perform, or directly connected with or incidental to the work of the employer, but her labor there was entirely disassociated with the work of her employer " and purely " personal to herself." (*Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126, 128.) All concur.

AGNES T. GROOT, Appellant, v. NELSON W. HECKART, Respondent.— Motion granted, with ten dollars costs.