Before STATE INDUSTRIAL BOARD, Respondent.

KATE KANE, Respondent, *v.* MARTHA S. BARBE and Another, Appellants.

Third Department, November 13, 1924.

Workmen's compensation — claimant was cook in private home — she lived at home of employer — two hours after evening's work was completed, on first day of employment, she went to her room — while undressing she fell out of chair and broke her wrist — no proof that she had any duties to perform after completing evening's work — injury did not arise out of and in course of employment.

The claimant, a cook working in a private home, who lived at the home of her employer, did not suffer an injury arising out of and in the course of her employment, since it appears that about two hours after the completion of her evening's work, on the first day of her employment, she went to her room and while undressing fell out of a chair and broke her wrist; and that there was no evidence that she had any duties to perform after the completion of the evening's work until the morning following.

H. T. KELLOGG, J., dissents.

APPEAL by the defendants, Martha S. Barbe and another, from an award of the State Industrial Board, made on the 28th day of April, 1924.

*Frederick Mellor* [*David Harriman Scott* of counsel], for the appellants.

*Carl Sherman,* Attorney-General, and *Jerome Donovan,* Deputy Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

McCANN, J.:

The claimant was hired as a cook under a contract for eighty dollars per month with room and board furnished to her in the residence of the employer. Her services began on May 9, 1923, at about three P. M. She prepared dinner for the family of her employer, washed the dishes, cleaned up the kitchen and then " sat down stairs " talking with the other servants for " a couple of hours," retiring to her room about ten o'clock, and had not been doing

any work for two hours. She went upstairs and sat in a rocking chair to take off her shoes preliminary to retiring for the night, and in so doing the chair slipped causing her to fall and fracture her wrist. She received a schedule award of fifteen per cent of loss of use of her "left hand." This appeal is taken on the ground (1) that the injury did not arise out of the employment; (2) that the claimant was a domestic servant and, therefore, not covered by the Workmen's Compensation Law. The claimant is the only witness who testified as to the nature of her employment and the circumstances under which she was injured. The Board at first dismissed the claim on the ground that the accident did not arise out of or in the course of the employment, but upon the advice of the Attorney-General the hearing was reopened and the claimant was examined with reference to her duties. The greater part of her examination was testimony as to what was "usually" the duty of a cook and also as to what she was "supposed" to have done at her former places of employment. This was the first night at this employer's residence but she testified that she was "supposed" to arise at six in the morning and when asked if she "considered" she would be free from the time she arrived at her room at night until six o'clock the following morning she replied that she did not know what minute she might be called; that maybe she might be expected "to heat some milk for the children or something like that." She testified that they had other girls in the house to wait on the children — a waitress and a maid. She was asked if she "considered" that it would have been her duty to take care of the children and answered: "If the children came in and asked me to help them in something I always do it." When asked if she had any specific arrangement or hours for work when she was employed by this employer or any discussion as to what hours she should work, she answered that there was no time set when she should "stop or start." She also testified that she had worked at places where she had been "routed out" after retiring for the night but after all of this examination with reference to her custom as to her conduct at previous places of employment (none of which proved anything whatsoever, even assuming it to have been admissible), she was finally asked the question, "You say you had no discussion with the employer as to what the hours would or would not be? A. Not with Mrs. Barbe" (the employer). It, therefore, appears that there was no express agreement as to what her duties were nor any evidence as to what they ever had been at this particular place of employment. In fact it appears that there was no talk or discussion or agreement with reference to the same, but if we are to draw an inference from the nature of

her work as a cook and the fact that she was paid by the month, including her board and lodging on the premises, we may still say that there is nothing to show that her accident arose out of her employment. Her day's duties had ended with the finishing of the kitchen work. It was two hours later when the accident happened, during which time she was visiting. When she retired to her room it does not appear that she had any other duties to perform except to cook the next meal which presumably was breakfast on the following morning. Her accident occurred by falling out of a chair while removing her shoes preparatory to retiring for the night. This certainly cannot be held to be an injury which arose out of her employment. In *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.* (229 N. Y. 489) the court says: " The statute is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment. This conclusion is not affected by the fact that the employee would not, except for the employment, have been where such danger or hazard existed. An injury does not arise out of the employment unless the hazard causing it is, within rational apprehension, an attribute of or peculiar to the specific duties of the employment."

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur, except H. T. KELLOGG, J., dissenting.

Award reversed and claim dismissed, with costs against the State Industrial Board.