In the Matter of the Claim of ERMELINDA GILIOTTI, Respondent, against HOFFMAN CATERING CO., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 4, 1927.

**Workmen's compensation — injury arising out of and in course of employment — decedent was engaged as chef and was suffocated in fire at inn where he was employed and lived — accident happened at about one-forty a. m. Monday, after decedent had finished day's work and was preparing to leave inn — decedent usually visited his family in New York city on Mondays, his day off — injury did not arise in course of employment.**

The decedent was not killed in the course of his employment. He was engaged as a chef in an inn on Long Island and was suffocated in a fire at the inn. The

inn closed shortly after one A. M. Monday morning and the decedent had finished his work for the day and was in his room at the inn where he lived when the fire broke out at about one-forty A. M. The decedent usually visited his family in New York city on Mondays, his day off, and at the time the fire broke out he was preparing to leave the inn. His body was found, after the fire, nearly clothed in street clothing. At the time of the fire, resulting in decedent's death, he was engaged in his own personal affairs, and was not in the course of his employment.

DAVIS and McCANN, JJ., dissent, with opinion.

APPEAL by the defendants, Hoffman Catering Co., Inc., and another, from an award of the State Industrial Board made on the 15th day of September, 1926.

The claim had been disallowed twice before it was allowed.

*William A. Earl* [*T. Carlyle Jones* of counsel], for the appellants.

*Lyman Stansky*, for the respondent, claimant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent State Industrial Board.

WHITMYER, J. Whether or not the death of deceased arose out of and in the course of his employment is the question.

A fire occurred at Hoffman's Inn on the Merrick road, Valley Stream, L. I., on Monday, October 26, 1925, at about one-forty A. M. Deceased was suffocated while he was in his room, and died as the result. He was a chef there at the time and had been for about three years. He received fifty dollars per week, with room and board, as his weekly wage. Monday was his day off. He could leave as soon as his work was finished on Sunday night or early Monday morning. His employer testified that he would not sleep there Monday night, but would be there Tuesday, unless he took the other chef's place, in which event he would be there Monday night. His wife and daughter lived in The Bronx. She testified that he came there once a week. She did not state when. At times he remained at the inn on his day off. When he did, he had his room and meals just the same. It was his room. No one else shared it. The inn was closed before the fire broke out. The guest entrance was closed about one-five A. M., and deceased had closed and locked the kitchen and gone to his room. An employee testified that he saw him there at about one-thirty A. M., and asked him if he was going home; that his reply was, "Yes, as soon as I am dressed;" that he then told him to call out, when ready, saying that he would be in the front dining room, and that he left the special entrance door for the help open for him. He testified further that he could not recall how he was dressed, but that he was dressing. The fire was discovered about one-forty A. M. When it was out, the body of deceased was found in the corner

of the closet in his room, with clothes on top of him. In his work, he wore chef's clothes, a cap, white coat and apron, and light pants. When found, he had on a suit of underclothes, a sort of white outer shirt, socks, blue serge pants and a belt. And his bed had not been touched. The death did not arise out of and in the course of the employment. When the fire broke out, the inn had been closed for the night and deceased had gone to and was in his room. That was where he lived. His work for the day was ended and he was suffocated after that. If he was preparing to go to his wife, however improbable, considering the hour, that does not affect the matter. He did not live where she lived. It is not as if he had been accustomed to go there daily after his work, and in preparing to go, if he was, he was attending to his own ends and acting for himself. (*Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126, 128; *Matter of Davidson* v. *Pansy Waist Co.,* 240 id. 584; *Kane* v. *Barbe,* 210 App. Div. 558, 560; *Fraher* v. *Hotel McAlpin,* Id. 817.) This conclusion is not in conflict with the decision in *Matter of Lynch* v. *City of New York* (242 N. Y. 115, 118, 119). There the place of employment was the island, upon which were located the hospital, where claimant worked, and the nurses' home, where she lodged. The place of employment was not merely the hospital itself and her work did not cease when she left the hospital, but was continuous and continued while she was on the island, leaving and returning over the route provided by the employer. That is not this case and the court said, expressly, that if she had been injured while doing her own work, washing her clothes or dressing herself, it would have been an injury not arising out of and in the course of her employment.

The award should be reversed and the claim dismissed, with costs.

VAN KIRK, Acting P. J., and HINMAN, J., concur; DAVIS, J., dissents, with an opinion in which McCANN, J., concurs.

DAVIS, J. (dissenting). If the act of the decedent in going to his room, removing the garb he was required to wear in the course of his employment and putting on his street clothes preparatory to going home, was a purely personal act unrelated to his employment, then his accidental death did not arise out of or occur in the course of his employment. If, on the other hand, his employment did not cease when his actual work in the kitchen ended, but continued until such a time as he had had a fair opportunity to leave his employer's premises, then this award should be affirmed.

Decedent was told by his employer at one-ten A. M. to close up the kitchen. How long he was thus occupied is not disclosed. He was seen in his room dressing at one-thirty. According to

the police report the fire started at about that time, although it was not discovered by the inmates of the house until about one-forty when it was then under way to such an extent that it barred the common method of egress to one or more of the occupants. The room decedent ordinarily occupied during the time he was off duty was furnished as a part of his wages.   He did not make his home on the premises except as an employee.   On this particular night the decedent was evidently preparing to go home, as was his custom on his day off.   Did he then fall within the rule that going to and from the actual work on the employer's premises is reasonably incidental to the employment?   This rule connotes a reasonable opportunity to leave his employer's place of business and go to a place from which he may direct his course to his own domicile.

His act in going to his room and changing from his working clothes was not definitely disassociated from his employment, nor was it positively one not inherent in the nature of such employment for it was required that he wear certain clothes in his work, unsuitable for the street.   It can scarcely be said that he did not act with reasonable dispatch and method in leaving the performance of specific duties and proceeding to leave the premises of his employer by a way provided.   It would seem that the purpose and method of his employment were not fulfilled until he had reasonable opportunity to reach the street.   If at the time of the fire he had been changing his clothes in the kitchen or an adjoining room provided for that purpose, I think it could not be disputed that his death occurred in the course of his employment.   His act in going to his room for the same purpose does not seem so remote or unrelated to his work as to change the application of the principle. There seems to have been no doubt on this question on the part of the employer.   It filled out October 30, 1925, and filed an " Employer's first report of injury."   One question on the printed form was, " Was he injured in regular occupation? "   The answer was " Yes."

It is a close case but I think it falls within the general scope and purpose of the Workmen's Compensation Law, liberally construed.   (*Matter of Lynch* v. *City of New York*, 242 N. Y. 115; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 id. 489, 492; *Pope* v. *Merritt & Chapman D. & W. Co.*, 177 App. Div. 69; *Bylow* v. *St. Regis Paper Co.*, 179 id. 555; *Martin* v. *Met. Life Ins. Co.*, 197 id. 382; affd., 233 N. Y. 653.)

I favor affirmance.

MCCANN, J., concurs.

Award reversed and claim dismissed, with costs against the State Industrial Board.