RICHARD F. PERRY, Respondent, v. WILLIAM B. WRONE, Appellant.*

Appeal from a judgment of the Supreme Court entered in the Rensselaer county clerk's office on October 28, 1930, and also from an order entered on the same day. Judgment and order affirmed, with costs. All concur, except Van Kirk, P. J., who dissents, with a memorandum.

VAN KIRK, P. J. (dissenting). I dissent and vote for reversal of the judgment and order and dismissal of the complaint on the ground that plaintiff was guilty of contributory negligence as matter of law. Where the accident occurred there was no road intersection. The road ahead of plaintiff was straight and his view unobstructed. He could see an on-coming car when 350 feet away. He turned sharply to his left across the line of, and intercepting, on-coming traffic to enter a private driveway. He testifies that he then looked and saw no car coming. He was struck when on the left side of the road or when just passing therefrom. His negligence caused the emergency and the accident.

In the Matter of the Claim of MARGARET UNDERHILL, Respondent, against WILLIAM KEENER (ROSCOE HOUSE) and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Appeal from an award of the State Industrial Board, noticed on June 18, 1930. Award affirmed, with costs to the State Industrial Board. All concur, except Van Kirk, P. J., who dissents, with a memorandum.

Van Kirk, P. J. (dissenting). I dissent and vote for reversal of the award and dismissal of the claim on the ground that claimant's injuries did not arise out of the employment. No danger to which she was exposed attached specially to the premises or was peculiar to the situation. Her injury was due to no risk to which the employment exposed her; she would have been exposed to like risk in any sleeping place on like occasion. · She was doing nothing in the interest of her employer, but was engaged in a private service to herself, entirely a personal matter. (*Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126; *Matter of Davidson* v. *Pansy Waist Co.*, 240 id. 584.) The discussion in *Matter of Giliotti* v. *Hoffman Catering Co.* (246 N. Y. 279) and the cases there reviewed support this view.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. B. P. DUCAS, INC., Relator, v. STATE TAX COMMISSION, Respondent.— Determination unanimously confirmed, with fifty dollars costs and disbursements.