NATHAN MARGOLES v. JOHN E. SAXE AND ANOTHER.[1]

April 13, 1934.

No. 29,787.

[1]Reported in 254 N. W. 457.

*K. A. Campbell* and *Palmer Benson,* for relators.
*Leonard, Street & Deinard,* for respondent.

*HOLT, Justice.*

*Certiorari* to review a decision of the industrial commission awarding respondent compensation for injuries sustained in an accidental explosion.

Two propositions are presented by relators, viz: (a) The record does not show that the relator Saxe was under the compensation act; (b) the evidence does not sustain the finding that respondent's injuries were caused by an accident arising out of and in the course of the employment.

There is no conflict in the proof which shows that relator Saxe owns and operates a 22-acre farm on Lyndale avenue a short distance south of the city of Minneapolis. It is devoted to raising vegetables and poultry. Some time after Saxe became the owner of the farm in 1929 and prior to April, 1932, when respondent was hired to work thereon, Saxe filed with the industrial commission his election to come under the workmen's compensation act and procured insurance from the other relator, whose agent posted a duplicate of the notice of election on the wall in the feed room of the chicken house. In February or March, 1932, in alterations made in the feed room, the notice disappeared, and none was thereafter posted anywhere on the farm. There is evidence that respondent when hired was informed that all the help on the farm came under the compensation act. It must be conceded that relator Saxe, as to the help on this farm, had elected to come under the compensation act just previous to respondent's employment thereon.

He placed himself under the act by complying with the requirements of 1 Mason Minn. St. 1927, § 4268. Once under the act, he can only get from under by giving 30 days' written notice to his employes as provided in § 4272 of the code, which section also declares when his election takes effect, in these words:

"A duplicate of such notice with affidavit of service attached thereto shall be filed with the industrial commission and the time shall not begin to run until the notice is so filed."

It is clear that the employer's failure to keep posted the notice of election to come under the act after he has properly placed himself under it does not release him from its operation. There was here no pretense that relator Saxe had attempted to terminate his status as an employer under the act. On the contrary, he had procured insurance in compliance with the act.

Relators earnestly attack the finding that respondent's accidental injury arose out of and in the course of his employment, claiming that as a matter of law the evidence compels a finding that it did not. There is no substantial conflict in the evidence. On this farm was a large building occupied by the family of Mr. Saxe at the time of the accident. Then there were extensive poultry houses and barn and also a small dwelling for the overseer or foreman. Respondent was a graduate of an agricultural college. His services were sought by Saxe. He was to be a working overseer or manager of the farm with three young men to assist and extra hands as needed. In addition to his salary, respondent was to have such vegetables, eggs, and poultry from the farm as he could use. He was also to live in the small house referred to. At his request Saxe installed therein a water heating system wherein the heat was from Blau gas held in steel tanks just outside the building. There was some talk as to who should pay for the gas used, but there was no claim that any definite agreement was reached on the subject. Sundays were busy days on this farm, the passers-by on Lyndale avenue being in the habit of stopping to buy vegetables, eggs, and dressed poultry. So the help were busy from early morning until late at night, dressing and selling from 20 to 60 chickens a Sunday,

besides attending to the daily chores. Respondent took an active part, and, in addition to general supervision, dressed and sold chickens. In dressing chickens a quantity of hot water was used to scald the chickens to expedite removal of the feathers. In the basement of the feed house there was a water heater using coal for fuel; but it took an hour or longer to get the water hot enough to use for scalding, and so hot water was often brought from the large dwelling and less often from the dwelling used by respondent. On Sunday, July 24, 1932, respondent lit the Blau gas heater about 9:30 o'clock in the forenoon, as he claims, to have enough hot water on hand for his work. Around 11:00 o'clock his wife informed him that the water was not heating properly, and he went to the basement, struck a match, and at once a terrific explosion followed wherein respondent was very seriously burned.

Relators claim that respondent attempted to light the heater so that he or a member of his family could take a bath; hence the accident did not arise out of and in the course of his employment. A farm laborer whose employer has placed himself under the compensation act is under its protection while on the farm and engaged in his duties and also while attending to his personal wants during his hours of service. Such servants, living on the farm and working for a monthly wage, on duty all the time, as was respondent, are covered "while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen." 1 Mason Minn. St. 1927, § 4326(j). A farm laborer so living on the farm is covered when attending to his personal wants on the premises of his employer. There could be no question, had the young employe, whose room was in the large dwelling, in an attempt to get hot water from a heating plant therein in order to wash his hands or face or to take a bath, lit a match to ascertain why the water was not heating and met with a like accident to that of respondent's, that his injuries would be compensable. The commission could well conclude that respondent lived in the small house in as favorable situation as did the young man working under him who was

housed in the large farmhouse. But aside from such considerations, the commission could accept respondent's testimony as true that he lit the Blau gas in order to have hot water in readiness for the work he was engaged in; so doing, no authorities are needed to demonstrate the correctness of the finding attacked. We consider the evidence sustains the award.

The writ is discharged and the decision affirmed with $100 attorney's fees to be taxed in favor of respondent.

[1]Reported in 254 N. W. 273.