# WILLIAM McBRIDE v. PRESTON CREAMERY ASSOCIATION AND ANOTHER.[1]

March 4, 1949.

No. 34,816.

*Kenneth C. Weyl,* for relators.
*Arvid M. Falk,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari to the industrial commission to review its order awarding workmen's compensation to William McBride, employe.

Employe was hired by relator employer to haul milk from its customers to its creamery at Preston. Under the terms of his employment, he used his own truck, furnished gasoline and oil therefor, and was paid on a tonnage basis. His route, which included some

---

[1]Reported in 36 N. W. (2d) 404.

16 farms, began with his own farm some six or seven miles northwest of Chatfield and extended southeasterly along highway No. 30 to Preston.

Employe generally left his home at about 7 or 7:30 a. m. and reached the creamery between 11 a. m. and 12 noon each day. He there unloaded the cans of milk, placed the empty cans back in his truck, and supplied his truck with drainage pads, butter, and cheese from his employer for sale on the latter's behalf to customers along his route, as required by his employment.

On February 19, 1947, the date of the accident, employe left the creamery between 12 noon and 1 p. m. on his return trip home. Along the way he stopped a short time and placed a quantity of sand on his truck from the shoulder of the highway for the purpose of sanding an icy hill on a private road leading to his farm. This private road was the only means of ingress to and egress from his farm to his route.

After turning in on the private road, employe stopped his truck at the Barth farm, through which the private road extended, and telephoned his son to meet him there to assist in sanding the hill. Upon the son's arrival, the two men began their work, employe standing in the rear of the truck and throwing sand onto the highway with a shovel, while his son drove and operated the truck. Part way down the hill, because of its icy condition, the driver lost control of the truck, which slid to the bottom of the hill, there struck a bridge, turned over, and pinned employe beneath it, severely injuring his leg, for which he claims compensation herein.

Relators assert here that employe's injuries did not arise out of and in the course of his employment as contemplated by M. S. A. 176.02.

■ For an injury to arise "out of" the employment, there must be a causal connection between the injury and the employment. Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. (2d) 812; Brusven v. Ballord, 217 Minn. 502, 14 N. W. (2d) 861; Callaghan v. Brown, 218 Minn. 440, 16 N. W. (2d) 317. In other words, the injury must have its origin in a risk connected with the employ-

ment and flow from that source as a rational consequence. See, Kaselnak v. Fruit Dispatch, 205 Minn. 198, 201, 285 N. W. 482, 483.

■ Here, it is undisputed that employe's employment required the use of the private road which he was attempting to sand at the time of his injury. Such work was in preparation for his employment the following day and was work which was clearly a necessary part thereof. The circumstances surrounding the accident in themselves clearly demonstrate the need therefor. Had employe been injured the following morning while proceeding over the icy hill because of its slippery condition, there is no question that he would have been entitled to compensation for injuries thus sustained. Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726; Lindell v. Minnesota American Legion Pub. Co. 208 Minn. 415, 294 N. W. 416. It would seem equally clear that his effort to prevent such injuries and at the same time insure performance of his responsibilities to his employer would entitle him to like protection under the act.

Such work was in the course of his employment, and his injuries, having arisen out of such employment, were covered by the act. See, Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290; Cavilla v. Northern States Power Co. 213 Minn. 331, 6 N. W. (2d) 812; Barlau v. Minneapolis-Moline Power Imp. Co. 214 Minn. 564, 9 N. W. (2d) 6; Brusven v. Ballord, 217 Minn. 502, 14 N. W. (2d) 861.

It follows that employe is entitled to compensation for his injuries, and the commission's order so directing must be affirmed.

Affirmed.