McFARLING, Respondent, v. RIERSON'S INC., et al, Appellants

(291 N. W. 574.)

(File No. 8261. Opinion filed April 10, 1940.)
Rehearing Denied May 23, 1940.

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**Chas. R. Hatch,** of Wessington Springs, for Respondent.

WARREN, J. This court is asked to pass upon certain workmen's compensation proceedings initiated before the Industrial Commissioner and appealed to the circuit court of Davison County, South Dakota. It would appear from the record that the claimant was successful in obtaining an award rendered by the Industrial Commissioner. A review was had before the Commissioner, who upon such rehearing sustained the former award. Upon appeal to the circuit court from the award, the circuit court entered an order remanding the action to the Industrial Commissioner with certain directions. The appellants are asking us to pass upon and to annul all of the proceedings below.

The appeal in this proceeding was perfected prior to July 1, 1939, therefore the right of appeal must be determined from the statute then in force. Section 9489, Rev. Code 1919 (SDC 64.0701), provided that "any employer or employe may appeal to the circuit court * * * from any adverse decision of the commissioner of insurance or industrial commissioner * * *" and that, "such appeal to be taken and prosecuted as provided in section 9180." Turning to this § 9180, Rev. Code 1919 (SDC 31.1116 and 64.0701), we find the following language: "* * * the orders and judgments of the circuit court in such cases shall be final, unless an appeal be taken therefrom to the supreme court within the time and in the manner provided for appeals in civil actions and proceedings." To us it would seem that under the provisions of our statutes that there may be an appeal to this Court from all orders and judgments of the circuit court in Workmen's Compensation proceedings.

The South Dakota Code of 1939 provisions relating to appeals will be found in SDC 64.0701. It will be observed that changes have been made but changes that could in no event affect our decision in this case as the appeal was perfected before the effective date of the 1939 Code. The order entered by the circuit court remanding the action to the Industrial Commissioner was an appealable order.

The circuit court heard the appeal proceedings and thereafter made and entered an order remanding the action

to the Industrial Commissioner. We are concerned with the following paragraphs thereof:

"It appearing that no definite finding was made by the Industrial Commissioner as to Curtis McFarling, the claimant and respondent herein, being an employee of Rierson's Incorporated, the defendant herein, and there being no substantial creditable evidence showing total temporary disability of the claimant beyond September 30, 1937, it is therefore

"Ordered that this action be and the same is hereby remanded to the Industrial Commissioner of the State of South Dakota to make a finding as to the claimant, Curtis McFarling, being in the employ of Rierson's Incorporated and to modify and amend the award for temporary total disability from $148.50 to $72, and it is further

"Ordered that the findings and the award as made by the Industrial Commissioner except as hereinbefore indicated be and the same are in all things approved and affirmed."

▆ Rierson's Incorporated, and its insurer appealed to this Court from the above order remanding the cause to the Industrial Commissioner. We do not construe the order to require findings by the Commissioner that the respondent was employed by Rierson's, Incorporated. The trier of facts is the board of arbitaration or the Industrial Commissioner when there is a waiver of the right of hearing before the board. If the facts as to the status of the respondent were admitted or undisputed, the circuit court on appeal could determine the legal effect of such facts and there would have been no occasion to remand the cause. But we need not inquire whether the order is prejudicial to the respondent. The Industrial Commissioner may find that respondent was not in the employment of the appellant, and it would seem inconsistent with proper practice to permit appellants at this time to assert that respondent was not at the time of his injury an employee within the contemplation of the Workmen's Compensation Act.

For the foregoing reasons it is our opinion that the order appealed from should be and it is hereby affirmed.

All the Judges concur.