JOSEPH H. STEPAN v. J. C. CAMPBELL COMPANY AND ANOTHER.[1]

March 4, 1949.

No. 34,699.

---

[1]Reported in 36 N. W. (2d) 401.

*Hansen, Robins, Davis, Lyons & Hazen,* for relator.
*L. A. Monroe* and *Hunt, Palmer & Hood,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari upon the relation of the employe to review the decision of the industrial commission denying him compensation benefits on the ground that his injury did not arise out of or in the course of his employment, and further denying his petition to present additional testimony.

Relator, Joseph H. Stepan, commenced work for the J. C. Campbell Company, employer herein, on September 23, 1946, as a sawyer in the Campbell sawmill 35 miles north of Two Harbors. The camp area consisted of some 10 to 15 acres of land and included an office, cookshack, blacksmith shop, planer machine shop, sawmill, two large bunkhouses, and five or six small individual shacks for employes. The individual shacks were used by employes who brought their wives to camp with them. The single men were required to stay in the large bunkhouses. Employes living in the bunkhouses paid room and board to the employer, while those living in the individual shacks paid monthly rental therefor.

In September and October 1946, an employe by the name of Wayne Kari and his wife occupied one of the individual shacks. It was flimsy and in poor condition, and Kari undertook to repair and make it more habitable. Among other things, he decided that he would install a ceiling for further insulation against the cold. Robert Harris, in charge of the camp for the employer, gave him permission to use camp lumber for this purpose and authorized him to use the company's power planer in connection therewith.

Relator lived in one of the bunkhouses. He was friendly with Kari and offered to help him in making the described improvements to the shack.

In the afternoon of October 3, 1946, work at the camp was stopped because of rain. The employes' wages terminated when employment was thus suspended. Kari and relator then commenced planing the lumber for Kari's shack, operating the power planer for this purpose. While thus engaged, relator sustained injuries resulting in the loss of two fingers.

Employer's foreman conceded that the improvement of the shacks was of benefit to the employer, but contended that the work was not part of relator's regular employment and was not ordered or directed by the employer.

Relator, in connection with his own employment, was not required to do any work in or around the planing machine, and neither he nor Kari had ever operated it prior to the accident. Neither his foreman nor any other of his superiors had directed relator to assist Kari. It is undisputed that the work performed was not done during working hours, which had been suspended on account of rain. The camp location was not a permanent one. The shack in question was not regarded as a permanent addition to the camp, and all shacks were to be torn down soon after work at the camp was completed.

The question involved is whether there is evidence to sustain the referee's finding, affirmed by the commission, that the accident described did not arise out of and in the course of relator's employment. Relator contends that the work involved was for the mutual benefit of the employer and a coemploye and related to an essential part of the business for which the employer was contributing both material and equipment.

M. S. A. 176.02 of the workmen's compensation act limits recovery to injuries arising out of and in the course of employment. It does not purport to cover workmen except while they are engaged in, on, or about the premises where their services require their presence as part of such services and during the hours of such

workmen. We have held that it does not cover employes performing acts for their own personal comfort while off duty, even where such acts are performed on the employer's premises in quarters furnished by the employer. Brusven v. Ballord, 217 Minn. 502, 14 N. W. (2d) 861. Here, the industrial commission has found that employe's injuries did not arise out of or in the course of his employment, and such finding, of course, under the well-established rule here, must be sustained if there is any evidence in the record which reasonably sustains it.

The law appears to be well settled that if an employe, as a voluntary accommodation to another, performs services outside the scope of his employment, he does not fall within the purpose and protection of the act. Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227; O'Rourke v. Percy Vittum Co. 166 Minn. 251, 258, 207 N. W. 636, 638; Ridler v. Sears, Roebuck & Co. 224 Minn. 256, 28 N. W. (2d) 859. In the O'Rourke case this rule was stated as follows (166 Minn. 257, 207 N. W. 638):

"An employe who, as a voluntary accommodation to his employer or to another, performs services outside the scope of his employment, is not within the act while performing such services. * * *

"But an employer may enlarge or extend the scope of the employment; and an employe who, at the direction of his employer or of a superior to whose orders he is subject, performs services outside the duties of his usual employment, and performs them in consequence of the existence of the relation of employer and employe and as incidental to the employment, is within the protection of the act while performing such services."

Here, the evidence is reasonably clear that relator, while undertaking to assist a fellow workman in putting up a ceiling in a temporary shack, was performing services not directed or ordered by his employer. His services were merely offered as a personal accommodation to his fellow workman and friend. The employer had not authorized or directed any improvement of the property involved; in fact, it had contemplated removal of the shack shortly

upon abandonment of the camp. Relator's contract of employment required his services as a sawyer. Such services did not require his presence in the planer building or his operation of any tools or equipment therein. He was receiving no pay for his work at the time of his injuries. His hours of employment were fixed, and it is undisputed that at the time of the accident he was not within such fixed hours. Under such circumstances, the finding that the injuries sustained by employe while thus engaged did not arise out of and in the course of his employment must be sustained.

The facts distinguish this case from Ramczik v. Winona Machine & Foundry Co. 174 Minn. 156, 218 N. W. 545, and like cases, wherein an employe is injured while volunteering to help another employe engaged in performing services for and on behalf of the employer and for which the other employe is being paid at the time. In such cases, compensation is allowed, even though the volunteer employe is performing services outside of his regular duties, on the theory that the work is performed in furtherance of the employer's business and is incidental to and arises out of such employe's employment.

Relator urges that the denial of his motion to reopen the proceeding constituted an abuse of discretion by the commission. Relator proposed to show that under the terms of his contract of employment it was provided that all employes be charged $1.50 a day for suitable board and lodging, and that this would indicate that it was contemplated by the employer that all employes should sleep and live on employer's premises, thus placing upon employer the duty to provide suitable lodging in such connection. Relator further proposed to show facts relating to the remoteness and inaccessibility of the camp in order to strengthen the showing already made that the employes had no choice of other residence while engaged in such employment.

An examination of the record indicates that such newly proposed evidence was merely cumulative of that before the commission at the time its decision was rendered. The record further indicates that all of the so-called newly discovered evidence was in existence and at hand at the time of the original hearing. Under such cir-

cumstances, we cannot state that there was an abuse of discretion on the part of the commission in denying the motion.

Writ discharged and order affirmed.

