DENNIS SCHEPPMAN v. T & E SERVICE, INC., AND ANOTHER.

177 N. W. (2d) 306.

May 15, 1970—No. 42041.

184

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for relators.

*Seifert, Johnson, Hand & Berens* and *Newton A. Johnson,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

Dennis Scheppman, age 17, was employed at the employer-relator's service station where he performed the normal work of a station attendant; he pumped gas, changed oil, and did some mechanical work. His normal working hours were 4 p. m. to 9 p. m. On occasion, if the station were busy or if he were in the process of changing oil, he would work a few minutes past 9 p. m. Sometimes the station would be open until 9:30 p. m.

Dennis was paid $1.25 per hour. He received a discount of 2 cents on each gallon of gasoline and a 25-percent discount on parts. Dennis was also permitted to bring his car into the station and to use the station's equipment and tools to work on it during and after his working hours.

On November 1, 1967, Dennis brought to the station a Chevrolet owned by his father and driven primarily by Dennis. His father had told him to remove the floor shift, which did not work, and to put the gear shift back on the steering column. At about 8 p. m. Dennis put the car on the hoist and began work. The station was still open and occasionally he stopped work on his car to wait on customers. At about 8:50 p. m. he began to close the station. He locked the front door and closed the overhead doors.

By 9 p. m. he had the station locked for the night, and he marked on his time card that he worked until 9 p. m.

Dennis continued to work on his car, running the motor even though the garage doors were closed. At 10 p. m. his father called, and Dennis said that he only had a little work left and that he would be home. At 10:50 p. m. his father called again but got no answer. The father eventually went to the station and discovered Dennis lying under the car. As a result of carbon monoxide, Dennis was temporarily totally disabled from November 1, 1967, to March 24, 1968.

The Workmen's Compensation Commission affirmed the referee's decision to award compensation.

We have held that acts of an employee necessary to life, comfort, or convenience while at work, although personal to him and not technically acts of service, are incidental to the service, and an injury arising while in the performance of such acts is compensable. Hill v. Terrazzo Machine & Supply Co. 279 Minn. 428, 157 N. W. (2d) 374. See, also, Torrey v. Midland Co-ops. Inc. 253 Minn. 489, 93 N. W. (2d) 135. Courts have extended this rule to say that an employee's personal work done with the employer's permission is incident to employment and therefore compensable. The commission has relied on several cases involving situations similar to the instant case. In Chrisman v. Farmers Co-op. Assn. 179 Neb. 891, 140 N. W. (2d) 809, compensation was allowed where the employee was injured at a service station when working on his car during his regular employment hours. In Maheux v. Cove-Craft, Inc. 103 N. H. 71, 164 A. (2d) 574, compensation was allowed when the employee was injured when using a saw to make checkerboard for himself during his lunch hour.

In both Chrisman and Maheux, as well as in the other cases which respondent and the commission cite, the employee was injured during his working hours or his lunch hour. While a lunch hour is not a work period, an employee who remains on the premises is doing so in order that he will be able to resume work. It is reasonable to treat the lunch hour the same as a lull in a

working hour during which an employee does his personal work. However, the case at hand is completely different. The employee remained at the station more than an hour after he stopped work. The station was closed for the night, and the employer received no benefit from the employee's continued presence at the station. Dennis remained at the station for entirely personal reasons unrelated to his work. We do not see how his activity can be considered to be in the course of his employment.

Time is one of the factors included in the phrase "in the course of employment." Olson v. Trinity Lodge, 226 Minn. 141, 32 N. W. (2d) 255. An injury which takes place outside of working hours is not compensable. Stepan v. J. C. Campbell Co. 228 Minn. 74, 36 N. W. (2d) 401. We have held that employees are not covered while performing acts for their own personal comfort when off duty even where such acts are performed on the employer's premises in quarters furnished by the employer. Brusven v. Ballord, 217 Minn. 502, 14 N. W. (2d) 861. Minn. St. 176.011, subd. 16, specifically says that to be compensable an injury must occur during the employee's hours of service. The injury in this case did not take place during Dennis' hours of service. Thus, compensation must be denied.

As we view the facts and circumstances here, it makes no difference that permission to use the employer's premises and tools to repair his car may be considered a part of Dennis' compensation. This alone does not bring the injury within the scope of the Workmen's Compensation Act. The injury still has to occur during the hours of his service for his employer, which in this case ended at 9 o'clock on the evening involved. From then on, Dennis was working for himself. He was doing so when his injury occurred.

This case might appear similar to the situation where compensation is allowed when an employer provides transportation. However, Minn. St. 176.011, subd. 16, specifically provides for compensation in the transportation cases. There is no similar

provision for this case. The injury must, therefore, be held noncompensable since it did not occur during the hours of service.

Reversed.