ANDERSON, Respondent v. NASH FINCH WHOLESALE FRUIT AND GROCERY CO., Appellant

(215 N.W.2d 125)

(File No. 11299. Opinion filed February 20, 1974)

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for claimant and respondent.

John Simko of Woods, Fuller, Shultz & Smith, Sioux Falls, for employer and insurer appellants.

WUEST, Circuit Judge.

This is a workmen's compensation case. Claimant, Richard C. Anderson, was employed by the Nash Finch Wholesale Fruit and Grocery Company. While so employed he suffered an injury to his back on August 13, 1970. He was unable to work the following day but returned on August 15, 1970, and worked steadily until January 13, 1971. On that date he sought medical treatment from his family physician and was referred to Dr. Entwistle, an orthopedic surgeon. Dr. Entwistle diagnosed the problem as a lower lumbar, lumbosacral disc pathology with a right sciatica. Because of this condition he did not work for approximately three weeks. He then returned to work but was unable to do so and sought further medical treatment. He was off work for an additional three weeks and returned but was unable to continue. On May 6, 1971, he went to work as a truck driver for Melin Trucking Company of Sioux Falls, South Dakota. On July 5, 1971, while unloading a basket of milk cartons he slipped on a steel plate from the cooler into the semitrailer and started to fall but caught himself. He then had pain in his back and legs. Following this incident, he filed a claim for workmen's compensation with State Auto and Casualty Company, the Workmen's Compensation carrier for the Melin Trucking Company. He did not return to work for them. The Farmers Insurance Group, Workmen's Compensation carrier for Nash Finch Wholesale Fruit and Grocery Company, paid claimant a total of $722.36 for temporary total disability from January 14, 1971, to May 17, 1971, and $440.18 in medical expenses. In addition, he received disability compensation from State Auto and Casualty Company from July 5, 1971, through the end of September 1971.

On or about July 27, 1972, claimant filed a petition for hearing with the South Dakota Department of Labor and Management Relations. A hearing was held before the Deputy Commissioner on September 8, 1972. Following the hearing and

submission of briefs, the Deputy Commissioner rendered his memorandum decision. The Deputy Commissioner found claimant had sustained a compensable injury on August 13, 1970, for which he had valid claim. He further found Nash Finch Wholesale Fruit and Grocery Company had fulfilled its obligation under the provisions of the Workmen's Compensation Act and there was no justification in the record for an award of permanent partial disability benefits. Formal Findings of Fact, Conclusions of Law and Denial of Award were entered.

Subsequently, claimant with different counsel filed a notice of appeal to the Circuit Court of Minnehaha County and petitioned the court to remand the matter to the Department of Labor and Management Relations for further findings. At the same time he filed another petition for hearing with the Department naming in addition to the appellants Nash Finch Wholesale Fruit and Grocery Company and Farmers Insurance Group, the Melin Trucking Company and the State Auto and Casualty Underwriters as employers and insurers. The appellants filed a written motion resisting the appeal to the circuit court. A hearing was held before the court and a memorandum opinion was issued March 1, 1973, wherein the court directed the matter be remanded to the Commissioner for further findings on the question of permanent partial disability and for a clarification of the findings regarding the respective responsibilities of the two employers, if any. A formal order of remand was entered March 7, 1973. Appellants appeal from that order.

In the case of McFarling v. Rierson's Inc., 67 S.D. 191, 291 N.W. 574, this court held, "The order entered by the circuit court remanding the action to the Industrial Commissioner was an appealable order." The court pointed out in its decision that it was relying upon provisions of the Revised Code of 1919. The court said in that opinion:

"The appeal in this proceeding was perfected prior to July 1, 1939, therefore the right of appeal must be determined from the statute then in force. Section 9489, Rev.Code 1919 (SDC 64.0701), provided that 'any employer or employe may appeal to the circuit court * * * from any adverse decision of the commissioner of insurance or industrial commissioner * * *' and

that, 'such appeal to be taken and prosecuted as provided in section 9180.' Turning to this § 9180, Rev.Code 1919 (SDC 31.1116 and 64.0701), we find the following language: '*  *  * the orders and judgments of the circuit court in such cases shall be final, unless an appeal be taken therefrom to the supreme court within the time and in the manner provided for appeals in civil actions and proceedings.' To us it would seem that under the provisions of our statutes that there may be an appeal to this Court from all orders and judgments of the circuit court in Workmen's Compensation proceedings.

"The South Dakota Code of 1939 provisions relating to appeals will be found in SDC 64.0701. It will be observed that changes have been made but changes that could in no event affect our decision in this case as the appeal was perfected before the effective date of the 1939 Code."

The court was correct in observing that changes were made in the 1939 Code. First, the provisions of section 9180, Rev. Code 1919, relating to appeals to the Supreme Court from the orders and judgments of the circuit court rendered in appeals from the Industrial Commissioner (now Commissioner of Labor and Management Relations) to the circuit court was not continued in SDC 64.0701. The effect of this deletion based the right of appeal under the provisions of SDC 33.0701 which was the general statute for appeals to the Supreme Court from the circuit court. Second, the source note to SDC 33.0701 states certain sections of the Revised Code of 1919 were amplified to vest discretion in the Supreme Court as to allowance of appeals from intermediate orders referred to in SDC 33.0701(6) not as a matter of right but of sound judicial discretion. So at the time McFarling v. Rierson's, Inc., supra, was decided, an order of remand to the Industrial Commissioner by the circuit court was an appealable order.

Ultimately, SDC 33.0701 and 1960 Supp. 33.0701 became SDCL 15-26-1, providing as follows:

"Appeals to the Supreme Court from the circuit court, or from the district county court, or from the municipal court may be taken as provided in this title from:

(1) A judgment;

(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

(3) An order granting a new trial;

(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment;

(5) An order which grants, refuses, continues, dissolves, or modifies any of the remedies of arrest and bail, claim and delivery, injunction, attachment, garnishment, receivership, or deposit in court;

(6) Any other intermediate order made before trial, any appeal under this subdivision, however, being not a matter of right but of sound judicial discretion, and to be allowed by the Supreme Court in the manner provided by rules of such court only when the court considers that the ends of justice will be served by determination of the questions involved without awaiting the final determination of the action or proceeding."

As the challenged order remanding the proceeding to the Commissioner was dated March 7, 1973, the validity of the order is governed by SDCL 62-7-21.* That section provides upon the trial of any appeal from the Commissioner of the Department of Labor and Management Relations the court may remand the case to him for such action as the court in its order may require or may enter judgment for or against any party, which judgment shall have the same force and effect as other judgments of the circuit court.

---

* It may be of interest to note that SDCL 62-7-21 was thereafter repealed by Ch. 313, § 2, S.L.1973, effective July 1, 1973. However, § 1 of Ch. 313, S.L.1973, now SDCL 62-7-19, provided for an appeal to the circuit court pursuant to Chapters 1-26 and 21-33. By SDCL 1-26-36 the power of the circuit court to "remand the case for further proceedings" was preserved.

In 101 C.J.S. Workmen's Compensation § 795, it is said:

"Under some acts, a judgment or decision of a reviewing court which reverses or sets aside an award or decision of a compensation board or commission and remands the case for further proceedings with power to make a different award, so that the prevailing party before the board or commission loses the benefit of the award or decision in his favor, is regarded as final and subject to further appeal. Under other acts, an order or decision of a reviewing court remanding the cause to the compensation board or commission for further action is regarded as interlocutory and not final so as to be appealable or reviewable by certiorari, as where the case is remanded for the purpose of taking additional evidence, or of making new findings of fact, or both   *   *   *."

The order of remand is an intermediate order not appealable except upon application to this court under the provisions of SDCL 15-26-1(6), supra. The only possible subsection from which an appeal could be made from the order of remand is subsection (2). However, we held in Northwestern Engineering Co. v. Ellerman, 69 S.D. 397, 10 N.W.2d 879, that in order to appeal as a matter of right from orders as classified by subsection (2), three things must appear: "First, the order must affect a substantial right; second, the order must in effect determine the action; and third, the order must prevent a judgment from which an appeal might be taken." The order of remand does not in effect determine the action nor prevent a judgment from which an appeal might be taken.

Since no application for an intermediate appeal was made nor granted, this court will not determine the merits of the circuit court's order of remand. Therefore, the appeal is dismissed.

All the Justices concur.

WUEST, Circuit Judge, sitting for DUNN, J., disqualified.