Jeanne **JOELSON**, Appellant
(Defendant),

v.

**CITY OF CASPER, WYOMING, a
municipal corporation,
Appellee (Plaintiff).**

No. 83–173.

Supreme Court of Wyoming.

Feb. 3, 1984.

Earl R. Johnson, Jr., Casper, for appellant.

James R. Bell, Deputy City Atty., Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This is an action by the City of Casper, plaintiff-appellee, against Jeanne Joelson, defendant-appellant, to enjoin and restrain Ms. Joelson from keeping, maintaining and using a carport and a garage on her property, in violation of the city's ordinances.

There is no good purpose to be served in going into an exhaustive recitation of the facts since we will hold that neither the district court nor this court possesses jurisdiction to respond to the merits (or lack of merits) of the case. It stands undenied

that Ms. Joelson erected a carport and a garage in violation of the ordinances of the City of Casper. She was ordered by the building inspectors to remove the violating structures and she did not do so. Instead, she appealed to the city's board of adjustment where, as to both structures, the board issued its orders affirming the building inspector's order to remove the offending part or parts of the structures. Ms. Joelson did not appeal from these board of adjustment orders and she did not correct the violations, thus necessitating the city to seek injunctive relief with respect to the ordinance violations.

The court enjoined Ms. Joelson from continuing the complained-of violations for the reason, among others, that

"Defendant [appellant] failed to appeal the decisions of the Board of Adjustment in a timely and proper manner in accordance with the Wyoming Rules of Appellate Procedure * * *."

The appellant identifies the following issues for our consideration:

"I. Should the Court have granted Summary Judgment in contradiction of a finding that Appellant had not exercised her administrative remedies or in the alternating [sic] should the Court have remanded the matter for full exercise of administrative remedies?

"II. Did the Appellee deny its approval of appellant's remedy in an arbitrary, capricious and inequitable manner?

"III. Does the potential loss to appellant outweigh the gains of the social order?"

The appellee describes the issue for our decision as follows:

"Whether or not the Court below erred in granting Appellee's Motion for Summary Judgment in favor of Appellee and enjoining Appellant from maintaining her carport and a portion of her garage in violation of Appellee's ordinances and further ordering their removal upon finding that there existed no genuine issue as to any material fact."

### Decision

We will hold that the district court acted properly in granting injunctive relief to the city on the ground that Ms. Joelson had not appealed her adverse administrative decisions as she was bound to do. The effect of this inaction is that neither the district court nor this court possesses jurisdiction to consider the merits of the contentions of Ms. Joelson aimed at avoiding the application of the city ordinances.

### Jurisdiction

The statutes of Wyoming provide that, once the remedies have been exhausted in an administrative proceeding, a person aggrieved or adversely affected by a final decision of an agency is entitled to judicial review.[1] This court has adopted Rule 12, W.R.A.P. to govern judicial review of administrative action.[2] We have held that the timely filing of a petition for review[3] of the

---

1. Section 9–4–114(a), W.S.1977 (now renumbered as § 16–3–114(a)) provides:

   "Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review * * *. The procedure to be followed in such proceeding * * * shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court."

2. Rule 12.01, W.R.A.P. provides:

   "To the extent that judicial review of administrative action by a district court is available, any person who is aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by agency, may obtain such review as provided in this rule."

3. Rule 12.04, W.R.A.P. provides in pertinent part:

   "In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency or denial of the petition for a rehearing, or,

final order or decision of an agency is mandatory and jurisdictional. *Stagner v. Wyoming State Tax Commission*, Wyo., 642 P.2d 1296 (1982); *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); *Snell v. Ruppert*, Wyo., 541 P.2d 1042 (1975); and *Regan v. City of Casper*, Wyo., 494 P.2d 933 (1972). See also, *Curtis v. Center Realty Company*, Wyo., 502 P.2d 365 (1972) and *Town of Afton, Lincoln County v. Public Service Commission*, Wyo., 471 P.2d 331 (1970).

We have held:

" * * * This court can have no greater jurisdiction of the subject matter than the trial court and where the trial court had no jurisdiction in an administrative appeal from an agency, this court must dismiss the appeal." *Snell v. Ruppert*, supra, 541 P.2d at 1048, citing *Ginn v. Parrish*, Wyo., 362 P.2d 824 (1961).

When the courts are called upon to enforce an administrative order that has become final, only those questions concerning the order's violation may be adjudicated and not questions which go to the validity of that order. *Federal Trade Commission v. Morton Salt Company*, 334 U.S. 37, 54, 68 S.Ct. 822, 832, 92 L.Ed. 1196, 1 A.L.R.2d 260 (1948). We have acknowledged and approved the rule which holds that if judicial review is granted by statute and no appeal is taken, the decision of an administrative board is final and conclusive. *Salt Creek Freightways v. Wyoming Fair Employment Practices Commission*, Wyo., 598 P.2d 435 (1979), citing *Campbell v. Superior Court, In and For County of Mariposa*, 18 Ariz.App. 287, 501 P.2d 463 (1972).

if a rehearing is held, within thirty (30) days after written, certified notice to all parties of the decision thereon, except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty (30) days from the expiration of the original time herein prescribed."

4. Citing Davis, Administrative Law Treatise, § 18.02, p. 548 (1958).

## The Ruling of the Board of Adjustment Invokes the Doctrine of Collateral Estoppel

This case comes to the courts upon a complaint of the City of Casper for an injunction. Of course, the above appellate requirements are not applicable unless the matter at hand is addressed by the same parties to identical claims as those which were before the administrative agency. *Salt Creek Freightways v. Wyoming Fair Employment Practices Commission*, supra. If the claims and parties are the same, however, and there has been no appeal as provided by statute, the agency's decision acts to collaterally estop the litigant from raising the same issues in the subsequent action, *Salt Creek Freightways*, supra.

We discussed res judicata and collateral estoppel in this context in *Salt Creek Freightways*, supra, and found that they were both applicable to administrative proceedings. In *Salt Creek Freightways* we said that at one time res judicata did not apply to administrative decisions [4] but this rule has changed—until now it is held almost universally that res judicata does apply to the administrative decision.[5] The authorities which hold res judicata to apply to the final administrative order are broad enough to include the doctrine of collateral estoppel. In *Lawlor v. National Screen Service Corporation*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955), n. 6, attention is called to the fact that Restatement of the Law of Judgments, §§ 47, 48 and 68 (1942) utilizes the term res judicata

5. Citing Davis, Administrative Law Text, 3d Ed., § 18.02, p. 361. And see *Morin v. J.H. Valliere Co.*, 113 N.H. 431, 309 A.2d 153, 155 (1973); *Woodlawn Area Citizens Association v. Board of County Commissioners for Prince George's County*, 241 Md. 187, 216 A.2d 149, 153 (1966); *Retail Clerks Union, Local 1401, Retail Clerks International Association, AFL-CIO v. National Labor Relations Board*, 149 U.S.App.D.C. 370, 376, 463 F.2d 316, 322 (1972); *Harrah v. Richardson*, 4th Cir., 446 F.2d 1, 2 (1971); *State ex rel. Turnbladh v. District Court*, 259 Minn. 228, 107 N.W.2d 307, 310 (1960).

broadly enough "to cover merger, bar, collateral estoppel, and direct estoppel." [6]

In *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1559–1560, 16 L.Ed.2d 642 (1966), the Court accepted the Restatement concept when it said:

" * * * [W]e note that the result we reach is harmonious with general principles of collateral estoppel. Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agent is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. [Citing cases.]"

In *Salt Creek Freightways v. Wyoming Fair Employment Practices Commission*, supra, we concluded the comparison between the doctrines of res judicata and collateral estoppel with this observation:

"The doctrine of *collateral estoppel* has much in common with *res judicata*, except that it does not involve the same cause of action but does involve identical issues necessary for disposal of the controversy. *Roush v. Roush*, Wyo., 589 P.2d 841, 843 (1979) (per curiam); *Lawlor v. National Screen Service Corp.*, supra." 598 P.2d at 438.

At the administrative level, the moving party before the administrative agencies was Ms. Joelson, who unsuccessfully appealed to the administrative appellate tribunal from an adverse decision by the city inspector. In the case at bar, where injunctive relief is sought by the City of Casper, the same parties are before the court as appeared in the administrative arena, and they are litigating the same claims—i.e., whether or not Ms. Joelson must remove the offending structures. The only difference between the two proceedings is that the causes of action are not identical.

Therefore, where the agency decisions may not technically be said to be res judicata to the issues before this court since the causes of action are not identical, it can indeed be said that the appellant is collaterally estopped from raising these issues before the district court or this court. *Lawlor v. National Screen Service Corporation*, supra, and *Roush v. Roush*, Wyo., 589 P.2d 841 (1979).

We hold that, since there was no appeal from the orders of the board of adjustment, as provided by statute and the applicable rule, and, since the same issues and parties are before this court as those that were before the administrative agency, any redetermination of the issues by the district court, or this court, would be beyond the jurisdiction of either tribunal.

The district court properly granted injunctive relief to the City of Casper.

Affirmed.

---

**6.** From the research of retired Chief Justice Guthrie, as contained in *Salt Creek Freightways v. Wyoming Fair Employment Practices Commission*, supra.