#24393-DG
**2007 SD 62**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DONALD JUNDT and VIRGENA JUNDT,              Petitioners,

    v.

THE HONORABLE A. P. FULLER,
Circuit Judge of the Seventh Judicial
Circuit,                                                              Respondent,

    and

SOUTH SIDE DITCH & WATER
COMPANY and REINHOLD A. EISENBRAUN,     Intervenors.

\* \* \* \*

ORIGINAL PROCEEDING

\* \* \* \*

JESS M. PEKARSKI of
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter
Rapid City, South Dakota                    Attorneys for petitioners.

NEIL FULTON of
May, Adam, Gerdes & Thompson
Pierre, South Dakota                        Attorneys for respondent.

MICHAEL M. HICKEY and
SARA L. LARSON of
Bangs, McCullen, Butler, Foye & Simmons     Attorneys for intervenor
Rapid City, South Dakota                    South Side Ditch & Water.

REINHOLD A. EISENBRAUN                      Pro se intervenor.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 12, 2007

OPINION FILED 6/27/07

#24393

GILBERTSON, Chief Justice

[¶1.] Petitioners Donald and Virgena Jundt filed a petition for writs of mandamus, prohibition and certiorari against the respondent, the Honorable A. Peter Fuller, Judge of the Circuit Court for the Seventh Judicial Circuit, seeking to prevent the remand of an eminent domain action for enforcement of a water permit to the South Dakota Water Management Board (the Board). This Court issued an alternative writ of prohibition, the respondent filed a response and the petitioners filed a reply. Based upon these submissions, we grant the petitioners a peremptory writ of prohibition.

FACTS

[¶2.] On March 15, 2005, the Board granted the petitioners a water permit authorizing them to divert water from the South Side Ditch diversion point along Rapid Creek in Pennington County. Although no appeal was taken from the decision granting the permit, South Side Ditch and Water Company (South Side) refused to allow the petitioners to use the South Side Ditch. The petitioners then commenced eminent domain proceedings in circuit court to obtain use of the ditch as authorized by their permit.[1] Rather than proceeding with the eminent domain case, the respondent entered the following order of remand on December 4, 2006:

---

1. It appears that eminent domain may be an appropriate manner of proceeding in circuit court to enforce water rights in a case such as this. *See generally* SDCL 46-8-1 (any person may exercise right of eminent domain to acquire as public use any property or rights necessary for application of water to beneficial use); SDCL 21-35-1 (owners of water rights covered by chapter on eminent domain).

[I]t is hereby

ORDERED, ADJUDGED and DECREED that [petitioners'] application of South Dakota Water Permit No. 2526-2 be transferred and remanded back to the South Dakota Water Management Board with instructions to provide adequate Findings of Fact and Conclusions of Law, particularly on the issue of whether [petitioners] are considered "persons" under SDCL 46-5-34.1, as the statute existed in 1992. The attached documents to this Order, as well as any other documents the Board deems appropriate, shall be considered by the Board upon remand.

According to the respondent's brief, he ordered the remand because the petitioners' status under SDCL 46-5-34.1 was relevant to their eligibility for a water permit and board findings and conclusions on the issue appeared to be based upon "incorrect facts."

[¶3.] Following the entry of the respondent's order, the petitioners applied to this Court for various writs, arguing that the respondent did not have jurisdiction to "remand" their water dispute to the Board. The petitioners sought a writ to prevent the remand and compel the respondent to proceed with the eminent domain case in circuit court. This Court entered an alternative writ of prohibition ordering the respondent to refrain from any acts in furtherance of his order of remand. The writ further ordered the respondent to show cause why a peremptory writ should not issue directing him to vacate his order of remand and to proceed with the eminent domain case as an original action in circuit court. The respondent has now filed his response to the order to show cause and the petitioners have filed their

#24393

reply.[2]

## ANALYSIS

[¶4.]     The respondent argues that he and the Board shared concurrent jurisdiction to resolve the dispute between the petitioners and South Side and that he properly deferred to the Board's expertise by referring the matter to the Board pursuant to the doctrine of primary jurisdiction.  That doctrine was most recently explained in Dan Nelson, Automotive, Inc. v. Viken, 2005 SD 109, ¶ 7, 706 NW2d 239, 242:

> Primary jurisdiction questions arise when both an administrative agency and a court have authority to hear an initial dispute.  [Mordhorst v. Egert, 88 SD 527, 531 – 532, 223 NW2d 501, 504 (1974)].  When both entities have authority to hear the initial dispute, the doctrine of primary jurisdiction "determines whether the court or the agency should make the initial determination."  *Id.* (citation omitted).

Under the doctrine:

> courts will not determine a controversy involving an issue within the jurisdiction of an administrative agency prior to the resolution of that question by the agency involved, when it is a matter that involves the exercise of discretion requiring the special knowledge, experience, and services of the administrative body; when it involves a determination of technical and intricate matters of fact; or when a uniformity of ruling is essential to comply with the purposes of the regulatory statute being administered.

---

2.     Our alternative writ also afforded each defendant in the eminent domain case an opportunity to intervene in these writ proceedings and to file a response.  Two of those defendants, including South Side, filed an additional response which we have also considered in our review of this matter.

Northwestern Bell Tel. Co. v. Chicago and North Western Transp. Co., 245 NW2d 639, 642 (SD 1976)(citing Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 NW2d 771 (Iowa 1969)).

[¶5.]     As the respondent submits, an argument does appear to exist under Romey v. Landers, 392 NW2d 415 (SD 1986) that the Water Management Board shared jurisdiction with the circuit court to resolve the initial dispute between the petitioners and South Side.  In *Romey*, this Court affirmed a circuit court order upholding the Board's declaratory ruling directing the removal of a series of dams constructed in violation of a party's irrigation rights under a permit.  In reaching its decision, this Court affirmed the Board's authority to issue declaratory rulings that also require "coercive relief."  The petitioners here might similarly have sought "coercive relief" from the Board to enforce their water permit rather than proceeding in circuit court with their eminent domain action.

[¶6.]     Despite the existence of a possible administrative remedy for the petitioners, the respondent did not dismiss, stay or suspend their circuit court case to allow them to pursue that remedy.  These would be typical methods for a court to exercise the doctrine of primary jurisdiction.  *See* Birmingham Hockey Club, Inc. v. National Counsel on Compensation Insurance, Inc., 827 So2d 73, 84 (Ala 2002)(quoting Jones Truck Lines, Inc. v. Price Rubber Corp., 182 BR 901, 911 (MDAla 1995)(under doctrine of primary jurisdiction, the court may retain jurisdiction or may dismiss the case without prejudice and also has the option of staying the proceedings, retaining jurisdiction and referring the matter to the agency for an administrative ruling)).  Instead, the respondent attempted to

-4-

transfer and remand the petitioners' original water permit application back to the Board for consideration of additional evidence and the entry of "adequate" findings of fact and conclusions of law on a new legal issue relevant to their entitlement to the permit. This amounted to an order for the Board to reconsider or vacate its original decision granting the permit. However, at that point, the Board no longer had authority to reconsider its decision. Furthermore, it may have been inappropriate for the Board to consider the additional evidence referenced by the respondent.

[¶7.] Nothing in South Dakota's Administrative Procedures Act authorizes an administrative agency to reconsider a decision in a contested case.[3] *See* SDCL ch 1-26. However, "administrative agencies have the inherent authority to correct adjudications which appear to be erroneous." Stearns-Hotzfield v. Farmers Insurance Exchange, 360 NW2d 384, 389 (MinnCtApp 1985)(citing Anchor Casualty Company v. Bongards Cooperative Creamery Association, 91 NW2d 122 (Minn 1958); State ex rel. Turnbladh v. District Court, County of Ramsey, 107 NW.2d 307 (Minn 1960)). There are, however, restrictions on that authority. One restriction is timeliness. Generally, an agency's "right to reverse an earlier, erroneous adjudication lasts until jurisdiction is lost by appeal or until a reasonable time has run, which would at least be co-extensive with the time required by statute for

---

3. Although SDCL 1-26-34 authorizes a circuit court to order an agency to take additional evidence in a case, this is in the context of an appeal from an agency decision. *See* SDCL 1-26-34 (application for leave to present additional evidence must be made before date set for hearing on appeal from agency's final decision). Here, there was no appeal of an agency decision before the respondent.

review." *Stearns-Hotzfield*, 360 NW2d at 389 (citing *Anchor Casualty*, 91 NW2d at 126; *Turnbladh*, 107 NW2d at 313). *Accord* State, ex rel. Harpley Builders, Inc. v. Akron, 584 NE2d 724, 725 (Ohio 1992)(an agency retains jurisdiction to set aside its own decision until a party appeals or the time to file an appeal has passed); Wiles v. Department of Labor and Industries of State, 209 P2d 462, 465 (Wash 1949)(agency has right to withdraw an order made and entered by it providing withdrawal is made before the time for appealing such order has expired). Once an agency's adjudication has become final it is no longer subject to reconsideration. *See* City of Philadelphia Police Dept. v. Civil Service Com'n of the City of Philadelphia, 702 A2d 878, 880 (PaCommwCt 1997)(tribunal loses jurisdiction to change order once it becomes final).

[¶8.]     Another restriction on reconsideration of an administrative decision relates to the grounds for seeking reconsideration. When the grounds involve the consideration of additional evidence, the agency should determine whether the evidence is merely cumulative to that before it at the time its decision was rendered and whether the evidence was in existence and at hand at the time of the original hearing.[4] *See* Stepan v. J.C. Campbell Co., 36 NW2d 401, 404 (Minn 1949). If the evidence is cumulative or was in existence, there is no abuse of discretion in denying reconsideration. *See id*.

---

4.     These standards are similar to those applied by a circuit court in an appeal in ruling on a motion to present additional evidence to an agency. *See* SDCL 1-26-34 (if it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency).

[¶9.]     Both timeliness and the grounds for reconsideration weighed against the Board's reconsideration of the water permit application at issue here. The Board's original decision granting the permit was issued on March 15, 2005 and the time for appealing the decision expired thirty days later. SDCL 1-26-31. No appeal was ever filed. Thus, the decision became final and was no longer subject to reconsideration by the Board by the time the respondent attempted to remand it back to that body in December 2006. Moreover, the record does not reflect any consideration of whether the evidence the respondent wanted the Board to review was before the Board at the time of its original decision or whether that evidence was in existence and available at that time. If it was, it would have been an abuse of discretion for the Board to reconsider the evidence.

[¶10.]     In addition to the restrictions on reconsideration of administrative decisions, separation of powers considerations also weigh against the propriety of the respondent's order of remand. This Court touched upon the issue of separation of powers between administrative agencies and reviewing courts in *Romey, supra* when it held that an agency did not encroach on the judiciary when it enforced a permit that it had previously issued. This case presents a converse situation of judicial encroachment on an agency prerogative. As explained in Perkins v. Department of Medical Assistance, 555 SE2d 500, 502 (GaCtApp 2001):

> It must be remembered that the constitutional separation of powers between the executive branch and the judicial branch prevents courts from involvement in review of administrative decisions unless there exists specific legislative empowerment for the judiciary to act regarding executive branch functions; when such delegation of power exists, appeals to the courts must follow such statutory procedures as a condition precedent to obtaining

> subject matter jurisdiction, because such conferred powers over executive branch functions are statutorily circumscribed.

[¶11.]	Here, the administrative decision issuing the petitioners' water permit was never appealed.  Yet, the respondent has attempted to review that decision, reverse it and remand it for reconsideration when the statutory procedures that are a condition precedent for such review were never followed.  This violates separation of powers principles as explained in *Perkins*.

[¶12.]	An unappealed administrative decision becomes final and should be accorded res judicata effect.  *See* Joelson v. City of Casper, Wyo., 676 P2d 570, 572 (Wy 1984)(if judicial review is granted by statute and no appeal is taken, the decision of an administrative board is final and conclusive); Pinkerton v. Jeld-Wen, Inc., 588 NW2d 679, 680 (Iowa 1998)(final adjudicatory decision of administrative agency is  regarded as res judicata).  Rather than acting as a reviewing court and attempting to direct the Board to reconsider its issuance of the petitioners' water permit, the respondent should have considered issuance of the permit as a final decision and should have proceeded to consider the merits of the petitioners' eminent domain action to enforce it.  *See Joelson, supra* (when courts are called upon to enforce an administrative order that has become final, only those questions concerning the order's violation may be adjudicated and not questions which go to the validity of that order).

[¶13.]	Based upon the foregoing analysis, we hold that the respondent exceeded his jurisdiction and authority by attempting to remand the petitioners' eminent domain case to the Board for reconsideration of the petitioners' water

permit application. While the respondent contends that the petitioners have an adequate legal remedy for any such error through litigation of the eminent domain proceedings they initiated and an appeal, he ignores that that litigation is at a standstill because of the remand and that there is no right of appeal from an order of remand to an administrative agency. Anderson v. Nash Finch Wholesale Fruit & Grocery Co., 88 SD 59, 215 NW2d 125 (1974). Therefore, we deem issuance of a writ necessary.

[¶14.] The petitioners seek writs of mandamus, prohibition and certiorari. Thus, a question remains as to the appropriate writ to issue. It has been held that: "a court may issue a writ [of prohibition] to confine a lower court to its proper jurisdiction, to compel the court to exercise a jurisdiction properly before it, or to prevent a clear abuse of discretion by the lower court." In re State of S.D., 692 F2d 1158, 1160 n 3 (8thCir 1982). *See also* In re State, 180 SW3d 423, 425 (TexApp 2005)(writ of prohibition operates like injunction issued by superior court to control, limit, or prevent action in court of inferior jurisdiction). Thus, in Swezy v. Bart-Swezy, 866 So2d 1248 (FlaDistCtApp 2004), the Florida District Court of Appeal granted a writ of prohibition to prevent a circuit court's referral of a child support matter to a general master in violation of that state's procedural requirements. More recently, this Court issued its own writ of prohibition on January 18, 2007 directing a circuit court to vacate an invalid writ of prohibition that it had previously issued in a case. *See* Gray v. Gienapp, 2007 SD 12, 727 NW2d 808. Accordingly, we hold that a writ of prohibition is the appropriate remedy for the respondent's actions here.

[¶15.] For the foregoing reasons, we grant the petitioners a peremptory writ of prohibition directing the respondent to vacate his order of remand and to proceed with consideration of the petitioners' action in circuit court.

[¶16.] SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.