#29928-r-SPM
**2023 S.D. 50**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LES GONSOR and JULIE GONSOR,    Plaintiffs and Appellants,

  v.

DAY COUNTY PLANNING
COMMISSION and DAY COUNTY
BOARD OF ADJUSTMENT, Political
Subdivisions of the State of South Dakota,  Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
DAY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON S. FLEMMER
Judge

* * * *

GORDON P. NIELSEN
TREVOR J. ARCHER of
Delaney, Nielsen & Sannes, P.C.
Sisseton, South Dakota    Attorneys for plaintiffs
        and appellants.


JOHN D. KNIGHT
Day County State's Attorney
Webster, South Dakota    Attorney for defendants and
        appellees.

* * * *

CONSIDERED ON BRIEFS
OCTOBER 3, 2022
OPINION FILED **09/20/23**

#29928

MYREN, Justice

[¶1.] The Gonsors appeal the circuit court's determination that the Day County Board of Adjustment could reconsider and modify a previously granted variance. We reverse.

## Factual and Procedural History

[¶2.] Les and Julie Gonsor own real property in Day County, South Dakota. Day County Planning and Zoning Commissioner Dari Schlotte informed the Gonsors that their property violated the Day County Planning and Zoning Ordinance because they altered the grading and added rocks to the property. After learning of this infraction, the Gonsors submitted an Application for Variance to Zoning Regulations to the Day County Planning and Zoning Board (hereinafter Board of Adjustment),[1] seeking a variance from the ordinance that would change the setback requirement and allow the existing grading and rocks to remain.

[¶3.] On November 17, 2015, the Board of Adjustment voted unanimously to approve the Gonsors' variance application. In a later proceeding related to this variance, the circuit court determined that "the decision had been filed at least by December 15, 2015." Neither party has challenged that determination in this appeal. Consequently, we accept that finding and view that decision approving the variance as "filed" by December 15, 2015.

---

1. The minutes of the meetings identify the board as the "Planning and Zoning Board." The Day County Zoning Ordinances specify the "County Planning Commission" is the "board of adjustment" for Day County. Day County Zoning Ordinance Section 1901. Despite the misnomer, the "Planning and Zoning Board" was clearly acting as the "Board of Adjustment" as authorized by SDCL 11-2-49.

-1-

[¶4.] Day County residents Jack Schmidt, Terry Thompson, and Judy Thompson were at the November 17 meeting but did not object to the proposed variance. That same day, they complained to Day County State's Attorney Danny Smeins that they had not been given an opportunity to object to the variance. Smeins suggested they request that the Board of Adjustment reconsider the variance. Schmidt and the Thompsons then verbally made this request to Schlotte. At the Board of Adjustment's next regular meeting, on December 15, 2015, Schmidt expressed his disagreement with the Board of Adjustment's decision to grant the Gonsors' variance.

[¶5.] On January 14, 2016, Schmidt and Tim Harr sent Schlotte a letter on behalf of the Beals Pickerel Lake Subdivision Association asking the Board of Adjustment to "reconsider" the Gonsors' variance. The following day, Schlotte informed the Gonsors of this request. The Board of Adjustment discussed the letter during a regular meeting on January 19, 2016. During its February 16, 2016 meeting, the Board of Adjustment voted unanimously to reconsider the Gonsors' variance at their next meeting. At its March 29, 2016 meeting, the Board of Adjustment reconsidered the Gonsors' variance and voted to modify the previously approved variance. On March 29, 2016, Schlotte sent the Gonsors a letter informing them of the Board of Adjustment's decision to "change the variance, to include the removal of the rock/boulders and to reslope the property adjacent to the road for better visibility and safety reasons as well as easier snow removal." Eventually, Schlotte informed the Gonsors that a stay was in place to prevent any building on their property until they complied with the modified variance.

[¶6.]     Four years later, in June 2020, the Gonsors applied for a permit to build a house on their property.  On June 16, 2020, the Board of Adjustment voted to deny the permit application because the Gonsors had not complied with the modified variance.

[¶7.]     In August 2020, the Gonsors sued the Day County Planning Commission and the Day County Board of Adjustment, seeking a declaration under SDCL 21-24-1 that the Board of Adjustment's November 2015 decision granting them a variance was a final determination and requesting "the right to utilize and develop their property in a manner that would be consistent with the variance . . . ."  They further sought a corresponding declaration that the Board of Adjustment's later decision in March 2016 was void because the Board of Adjustment had no authority "to hear an appeal and then to amend the previously approved variance . . . ."  In its answer to the complaint, the Board of Adjustment denied that it had granted the Gonsors' requested variance.  Instead, it asserted that it notified them "that the variance was being reconsidered . . . on or about January 15, 2016."

[¶8.]     Following a court trial, the circuit court, relying primarily on this Court's decision in *Jundt v. Fuller*, 2007 S.D. 62, 736 N.W.2d 508, issued a memorandum opinion concluding that "[b]ased on the above case law and the lack of any statutory prohibition preventing a board of adjustment from reconsidering its own decision, the Day County Planning Commission, acting as the Day County Board of Adjustment, had authority to reconsider the decision of the Board made on November 17, 2015, granting Gonsors' Application For Variance."  The circuit court determined that the Board of Adjustment's March 20, 2016 decision amending the

Gonsors' variance was proper and constituted the final decision of the Board of Adjustment. It denied the Gonsors' request for relief and dismissed their complaint. The Gonsors appeal.

## Decision

[¶9.] The Legislature provided a means to contest a decision of a board of adjustment:

> Any person or persons, jointly or severally, or any officer, department, board, or bureau of the county, aggrieved by any decision of the board of adjustment may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. *The petition shall be a petition for writ of certiorari presented to the court within thirty days after the filing of the decision in the office of the board of adjustment.* The board of adjustment shall respond to the petition within thirty days of receiving the notice of the filing and shall simultaneously submit the complete record of proceedings of the board appealed from, in the form of a return on a petition for writ, without need for a court order or formal issuance of writ.
>
> . . .

SDCL 11-2-61 (emphasis added).

[¶10.] This Court has previously noted that the Legislature intended certiorari to be the only remedy to appeal the decision of a board of adjustment: "[w]e believe that the repeal of the prior statutes and the enactment of this new comprehensive appellate scheme [i.e., SDCL 11-2-61 to -65] expressed legislative intent to completely occupy the field of taking board of adjustment appeals." *In re Yankton Cnty. Comm'n*, 2003 S.D. 109, ¶ 18, 670 N.W.2d 34, 40.

[¶11.] The exclusive means to challenge the Board of Adjustment's November 2015 decision approving the variance was through a writ of certiorari under SDCL 11-2-61. Without any effort to petition for a writ of certiorari under SDCL 11-2-61,

the November 2015 variance decision became final 30 days after it was filed. Because the circuit court determined this decision had been filed by December 15, 2015, the Board of Adjustment's November 2015 variance decision became final no later than January 14, 2016.

[¶12.]     The circuit court acknowledged that the time to appeal the Board of Adjustment's decision would have expired on January 14, 2016. However, the circuit court determined that the Board of Adjustment's November 2015 decision was not final because the January 14, 2016 letter asking the Board of Adjustment to "reconsider" its November 2015 decision was submitted within the 30-day timeframe for filing an appeal.

[¶13.]     We disagree with the circuit court's reasoning. As noted in *Jundt*, the "right to reverse an earlier, erroneous adjudication lasts until jurisdiction is lost by appeal or until a reasonable time has run, which would at least be co-extensive with the time required by statute for review." 2007 S.D. 62, ¶ 7, 736 N.W.2d at 512 (quoting *Stearns-Hotzfield v. Farmers Ins. Exch.*, 360 N.W.2d 384, 389 (Minn. Ct. App. 1985)). Consequently, any authority the Board of Adjustment had to reconsider its November 2015 decision ceased to exist when that decision became final on January 14, 2016. The filing of a request for reconsideration did not extend the time to appeal, and the Board of Adjustment did not reconsider the variance before the appeal time expired. Consequently, the Board of Adjustment no longer had the authority to reconsider the variance when it did so on March 29, 2016.

[¶14.]     SDCL 21-24-1[2] gives circuit courts the broad ability to provide declaratory relief.  We reverse and remand for a declaration, consistent with this opinion, of the Gonsors' rights under the variance the Board of Adjustment granted on November 17, 2015.

[¶15.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.

---

2.    SDCL 21-24-1 provides:

> Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.